[Cite as *State v. Widener*, 2014-Ohio-333.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellant                      :          C.A. CASE NO.    2013 CA 29

v.                                                          :          T.C. NO.    20940003

CHAD WIDENER                              :          (Civil appeal from Common
                                                 Pleas Court, Juvenile Division)

    Defendant-Appellee                      :

                                                                           :

. . . . . . . . . .

**O P I N I O N**

Rendered on the     31st     day of     January    , 2014.

. . . . . . . . . .

MELISSA L. WOOD, Atty. Reg. No. 0089748, Assistant Prosecuting Attorney, Shelby County, 108 East Poplar Street, Sidney, Ohio 45365
        Attorney for Plaintiff-Appellant

JOSE M. LOPEZ, Atty. Reg. No. 0019580, 18 East Water Street, Troy, Ohio 45373
        Attorney for Defendant-Appellee

. . . . . . . . . .

FROELICH, P.J.

      **{¶ 1}**  The State appeals from a judgment of the Miami County Court of

Common Pleas, Juvenile Division, which granted Chad Widener's application to seal the record of his conviction for contributing to the delinquency of a child.

{¶ 2}    Widener, a teacher, was accused of having sexually explicit electronic conversations and sexual contact with a minor student, and he was charged with importuning.  In March 2009, Widener was found guilty in the Juvenile Division of the Miami County Court of Common Pleas, on his guilty plea, of contributing to the delinquency of a child in violation of R.C. 2919.24, a misdemeanor of the first degree.  He was sentenced to six months in jail, with all but 10 days suspended, to two years of probation, to perform 20 days of community service, to pay a fine, and to surrender his teaching license, along with other conditions.

{¶ 3}    In April 2013, Widener filed an application to seal the record of his conviction.  The State opposed the application.  The parties did not dispute that Widener had completed his sentence and that no criminal proceedings were pending against him, and the trial court found that he had been rehabilitated to its satisfaction.  The only disputed issue was whether Widener was eligible to have the record sealed.  On July 29, 2013, the trial court granted Widener's application to seal the record of his conviction.

{¶ 4}    The State appeals, raising one assignment of error.

THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S APPLICATION TO SEAL THE RECORD FOR HIS ADULT CONVICTION OF CONTRIBUTING TO THE DELINQUENCY OF A CHILD BECAUSE SUCH A CONVICTION IS NOT ELIGIBLE FOR SEALING.

{¶ 5} The State contends that, pursuant to R.C. 2953.36(F), Widener's conviction was not eligible to be sealed because it was a misdemeanor of the first degree and the victim was a minor.

{¶ 6} R.C. 2953.31 et seq. permit a first-time offender to request that his or her criminal record be sealed. The applicant must be eligible to have the conviction sealed and the offense must be one that is subject to being sealed. Expungement[1] is "an act of grace created by the state;" as such, it is a privilege, not a right. *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000), citing *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996). *See also State v. Ninness*, 6th Dist. Ottawa No. OT-11-024, 2013-Ohio-974; *State v. M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025, ¶ 14; *State v. Reed*, 10th Dist. Franklin No. 05AP-335, 2005-Ohio-6251, ¶ 7-8.

{¶ 7} "The applicant must meet the statutory eligibility criteria in order to invoke the court's jurisdiction to expunge a conviction; the state bears no burden other than, when appropriate, to object to an application. *State v. Menzie*, Franklin App. No. 06AP-384, 2009-Ohio-6990, ¶ 7. Applicants whose conviction falls within any category of R.C. 2953.36 are 'ineligible' for expungement." (Some internal citations omitted.) *M.R.* at ¶ 15, citing *Simon* at 533.

{¶ 8} The trial court's preliminary determination as to whether the statutory eligibility requirements for sealing a conviction apply is a question of law that this court reviews de novo. *M.R.* at ¶ 15; *State v. Talameh*, 11th Dist. Portage No. 2011-P-74, 2012-Ohio-4205, ¶ 20. After it has properly determined that a conviction is eligible to be

---

[1] *See State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 11-12 (acknowledging the continued use of the term "expungement" to describe the process of sealing a conviction).

sealed, the trial court's decision to grant or deny a request to seal records is reviewed for an abuse of discretion. *Ninness* at ¶ 8; *Talameh* at ¶ 20.

{¶ 9} R.C. 2953.36 identifies several types of convictions for which sealing of the record cannot be considered. Subsections R.C. 2953.36(E) and (F) are discussed by the parties to this appeal:

> (E) Convictions on or after October 10, 2007, under section 2907.08, 2907.09, 2907.21, 2907.22, 2907.23, 2907.31, 2907.311, 2907.32, or 2907.33 of the Revised Code when the victim of the offense was under eighteen years of age;
>
> (F) Convictions of an offense in circumstances in which the victim of the offense was under eighteen years of age when the offense is a misdemeanor of the first degree or a felony, * * *.

Widener's offense of contributing to the delinquency of a child (R.C. 2919.24) is not one of the offenses listed in R.C. 2953.36(E).

{¶ 10} The trial court interpreted R.C. 2953.36(E) as a comprehensive list of the offenses that are not eligible to be sealed due to the age of the victim. The court stated:

> The legislative intent of the [2007] amendment to R.C. 2953.36, specifically paragraph (E), was to except specific crimes from expungement when the victim was under the age of 18 by listing them in the statute. Absent from that list is the crime of contributing to the delinquency of a child. The

contributing statute by its very nature requires the victim to be under the age of 18. So why then does it not appear under R.C. 2953.36(E)? The answer to this court is that the legislature did not intend to except it from the sealing process * * *.

The court also referenced the rule of "ejusdem generis," stating that the listing of specific statutory exceptions in subsection (E) led the court to conclude that the general exception set forth in subsection (F) did not apply to the same general class of offenses. The court further concluded that the interpretation advocated by the State would frequently result in the inability to seal cases in situations where it would be "against public policy" (such as in the prosecution of parents or store owners for contributing or an assault by an 18-year-old on a 16- or 17-year old) and that, in the case of a child-defendant, such a rule is "not in the best interest of the adjudicated child." Although the court did not expressly find any ambiguity in the statute, it stated that it relied on "the totality of the circumstances" in finding that the State's argument was "flawed."

{¶ 11} The State contends that there is no ambiguity in R.C. 2953.36 that required interpretation by the trial court. In its reading of the statute, Widener's conviction was ineligible to be sealed under R.C. 2953.36(F), because his offense was a misdemeanor of the first degree and the victim of the offense was a minor. We agree. The applicability of the statutory factors was a straightforward determination to be made based on the stated criteria. R.C. 2953.36(E) encompasses some offenses of a lesser degree than subsection (F), which applies only to first-degree misdemeanors and felonies. Any overlap between subsections

(E) and (F) results in an offense twice being excluded from consideration for sealing the record; these subsections cannot reasonably be read to make eligible for sealing any conviction for a misdemeanor of the first degree or a felony where the victim is a minor. The trial court erred in considering the "totality of the circumstances" and in considering whether there might be other circumstances (not presented in this case) in which a compelling reason to seal a conviction for contributing to the delinquency of a child might exist.

{¶ 12}   Widener argues that, "[w]hen read together, Subsections (F) and (E) are ambiguous as to which provision, if either, apply [sic] to Ohio's contributing [to the delinquency of a child] statute."   Specifically, Widener claims that, because, by definition, all victims of the offense he committed are minors, the legislature would have included that offense in subsection (E) if it had intended to prohibit the sealing of such convictions.

{¶ 13}   The legislature clearly intended that more than one of the subsections apply to offenses involving minor victims, as subsections (E) and (F) both expressly apply to this category of victim.   We find no basis in the statutory language for Widener's argument or the court's conclusion that all of the offenses involving minors to which the expungement exclusion was intended to apply were (or must have been) listed in subsection (E).   The offenses listed in subsection (E) are all in Chapter 2907, entitled "Sex Offenses," and their penalties range from second degree felonies to fourth degree misdemeanors.   This reflects a legislative decision not to allow sealing of those specific offenses, regardless of the degree of the offense.   Contributing, on the other hand, is always a first degree misdemeanor and may or may not involve a "sex offense."   A reasonable interpretation of the statute would be that

the legislature intended for non-sex offenses be addressed by subsection (F).

{¶ 14}   Other appellate courts have addressed similar issues.  In *M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025, the defendant had taken a picture of his three-year-old after a bath and had shown it to others.  He pled guilty to five counts of attempted pandering of obscenity.   The State objected to the defendant's subsequent motion to seal his record, relying on R.C. 2953.36(F), because the obscene material involved a person under the age of 18.   The trial court granted the defendant's application to expunge, but the Eighth District reversed, holding that "[a]pplicants whose conviction falls within any category of R.C. 2953.36 are 'ineligible' for expungement."   *Id.* at ¶ 15.   The appellate court found that the crime fell within R.C. 2953.36(F).   The court also noted that pandering obscenity is an offense listed in R.C. 2953.36(E), and that the provision that the defendant had "attempted" to commit that offense did not affect R.C. 2953.36(E)'s applicability.   *Id.* at ¶ 25.

{¶ 15}   In *Ninness*, 6th Dist. Ottawa No. OT-11-024, 2013-Ohio-974, the Sixth District addressed whether a conviction for child endangering (a first degree misdemeanor in violation of R.C. 2919.22(C)(1)) could be expunged.   Like contributing to the delinquency of a child, child endangering is an offense in which the victim is, by definition, a minor, but this offense is not listed in R.C. 2953.36(E).   The Sixth District concluded that the defendant's guilty plea to child endangering was "itself dispositive of the expungement issue," i.e., it established that the offense was excluded from expungement under R.C. 2953.36(F).   *Id.* at ¶ 14.

{¶ 16}   Widener argues that the offense of which he was convicted, contributing to

the delinquency of a child, could have logically been included in R.C. 2953.36(E), because the "pertinent characteristic of these statutes [2953.36(E) and (F)] * * * seems to be the age of the victim." He argues that we should infer from the legislature's failure to include contributing to the delinquency of a child in subsection (E) that the legislature intended to exclude that offense from the list of "non-sealable offenses," or that its exclusion at least creates an ambiguity in the statute; Widener has cited no cases finding an ambiguity therein.

{¶ 17} Even if we were to agree with Widener's premise that contributing to the delinquency of a child could have been included in the list of offenses set forth in R.C. 2953.36(E), the legislature's failure to include it did not create an ambiguity in the statute. As the cases from other districts demonstrate, there are numerous additional offenses involving minors as victims that might have been included in R.C. 2953.36(E). It is reasonable to conclude that the legislature drafted subsection (F) to address these other offenses. Moreover, there is nothing in the language of the statute to suggest that there can be no overlap between subsections (E) and (F). The proper role of the courts is to interpret and apply the statutes as written, not to question why they were not written differently or to interpret non-ambiguous language in a fashion that arguably is "in the best interests of [an] adjudicated child"[2] or the best "public policy."

{¶ 18} Because the language of R.C. 2953.36(F) applied to Widener's conviction, the trial court erred in concluding that Widener's conviction was eligible to be sealed.

---

[2]We also note that sealing or expungement of an offense committed by an adjudicated child is separately addressed in the Revised Code. *See* R.C. 2151.356.

**{¶ 19}**   The assignment of error is sustained.

**{¶ 20}**   The judgment of the trial court will be reversed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Melissa L. Wood
Jose M. Lopez
Hon. William R. Zimmerman,
Visiting Judge