[Cite as *State v. A.S.*, 2014-Ohio-2187.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100358**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## A.S.

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-94-312081

**BEFORE:** McCormack, J., S. Gallagher, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 22, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Diane Smilanick
Joseph J. Ricotta
Assistant County Prosecutors
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113


**FOR APPELLEE**

A.S., pro se
3152 W. 70th Street
Cleveland, OH 44102

TIM McCORMACK, J.:

**{¶1}** Plaintiff-appellant, state of Ohio, appeals from the trial court's order granting an application to seal the record of conviction filed by defendant-appellee, A.S.[1] We reverse and remand the matter for further proceedings consistent with this opinion.

### Procedural History

**{¶2}** On July 12, 1994, A.S. was indicted for rape in violation of R.C. 2907.02. Following a jury trial on May 22, 1995, the jury returned a verdict of not guilty on the rape. The jury however could not reach a verdict on the lesser included offense of gross sexual imposition under R.C. 2907.02. The trial court therefore ordered a mistrial. Thereafter, on the recommendation of the prosecutor, the indictment was amended to the lesser included offense of contributing to unruliness or delinquency of a child in violation of R.C. 2919.24, to which A.S. pleaded guilty on October 25, 1995. The court sentenced A.S. to time served.

**{¶3}** On October 3, 2002, A.S. filed a motion for expungement.[2] The court ordered the probation department to prepare an expungement report on October 8, 2002, and, once again, on November 8, 2004. The state opposed A.S.'s motion on May 20, 2005.

---

[1] It is this court's policy to refer to defendants in matters involving sealing of criminal records under R.C. 2953.32 by their initials.

[2] "Expungement" is the term used to describe the process to seal a record of conviction under R.C. 2953.32. *State v. Lasalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172.

{¶4} On August 23, 2013, the trial court granted A.S.'s motion for expungement, finding the court had given notice of the hearing; a report from the probation department had been received; the court considered the state's objections; A.S. is an eligible offender under R.C. 2953.31(A); the relevant statutory time had expired from the time of the conviction to the filing of the application; no criminal proceedings were pending against A.S.; A.S. had been rehabilitated; the offense of which he was convicted is not one under R.C. 2953.36 for which the sealing of records is precluded; and A.S.'s interests in having his records expunged are not outweighed by any legitimate governmental needs to maintain those records. The trial court then ordered that all official records pertaining to A.S.'s case be sealed.

{¶5} The state appeals, raising two assignments of error.

I. The trial court erred by granting a motion to seal the record of conviction when it is without jurisdiction to grant said motion to an applicant who was convicted of a crime in which the victim of the offense was under eighteen years of age. R.C. 2953.36(F).

II. The trial court erred in ruling on a motion for expungement filed pursuant to R.C. 2953.32 without first holding a hearing.

**Law and Analysis**

{¶6} In its first assignment of error, the state contends that, pursuant to R.C. 2953.36(F), the trial court did not have the authority to seal A.S.'s conviction because the offense was a misdemeanor of the first degree and the victim of the offense was under 18 years of age.

**{¶7}** Generally, a trial court's decision to grant or deny a motion to seal records filed pursuant to R.C. 2953.52 is reviewed for an abuse of discretion. *State v. C.K.*, 8th Dist. Cuyahoga No. 99886, 2013-Ohio-5135, ¶ 10, citing *In re Fuller*, 10th Dist. Franklin No. 11AP-579, 2011-Ohio-6673, ¶ 7. An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). However, the applicability of R.C. 2953.36 to an applicant's conviction is a question of law that this court reviews de novo. *State v. M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025, ¶ 15, citing *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6.

**{¶8}** R.C. 2953.31, et seq., which sets forth the procedure wherein a first-time offender may request that his or her criminal record be sealed, provides that an applicant must be eligible to have the conviction sealed and the offense must be one that is subject to being sealed. Expungement is "an act of grace created by the state" and is therefore a privilege, not a right. *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000), citing *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996); *M.R.* at ¶ 14. As such, expungement may be granted only "when all requirements for eligibility are met." *Simon* at 533.

**{¶9}** An applicant must meet the statutory criteria for eligibility in order to invoke the court's jurisdiction to expunge a conviction. *State v. Menzie*, 10th Dist. Franklin No. 06AP-384, 2006-Ohio-6990, ¶ 7. The applicant whose conviction falls under R.C. 2953.36 is "ineligible" for expungement. *M.R.* at ¶ 15, citing *Simon* at 533.

{¶10} The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling. *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, paragraph two of the syllabus. Here, A.S. filed his motion in October 2002. At that time, R.C. 2953.36(D) provided that a motion to seal a record of conviction did not apply to "[c]onvictions of an offense in circumstances in which the victim of the offense was under eighteen years of age when the offense is a misdemeanor of the first degree or a felony."[3]

{¶11} A.S. was convicted of contributing to unruliness or delinquency of a child in violation of R.C. 2919.24, which provides that "[n]o person * * * shall * * * [a]id, abet, induce, cause, encourage, or contribute to a child or a ward of the juvenile court becoming an unruly child * * *." R.C. 2919.24(A). This offense is a misdemeanor of the first degree. R.C. 2919.24(B). A "child" is a person who is under 18 years of age. R.C. 2152.02(C)(1).

{¶12} Contributing to unruliness or delinquency of a child, by definition, is an offense in which the victim is a minor, and as previously stated, it is also a misdemeanor of the first degree. Thus, A.S.'s conviction falls under the language of R.C. 2953.36(D). A.S. is therefore "ineligible" for expungement, and the trial court had no authority to

---

[3] The state cites to the current version of this statute, R.C. 2953.36(F), which is identical to the statute in effect in 2002, with the exception of the following additional language: "except for convictions under section [R.C.] 2919.21 [nonsupport of dependents]." Because this case is not a matter concerning the nonsupport of dependents, the additional language is not relevant to this appeal. Our analysis of R.C. 2953.36(D) in this opinion therefore applies equally to the current version of the statute.

seal his record. *State v. Widener*, 2d Dist. Miami No. 2013 CA 29, 2014-Ohio-333 (R.C. 2953.36(F) applies to defendant's conviction for contributing to delinquency of a child under R.C. 2919.24, and the trial court erred in finding that the conviction was eligible to be sealed); *M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025 (a conviction for pandering of obscenity, where the obscene material involved a person under the age of 18, falls within R.C. 2953.36(F) and expungement is therefore not available); *State v. Ninness*, 6th Dist. Ottawa No. OT-11-024, 2013-Ohio-974 (child endangering is excluded from expungement under R.C. 2953.36(F) because the offense is one in which, by definition, the victim is a minor).

**{¶13}** The state's first assignment of error is sustained.

**{¶14}** The state contends in its second assignment of error that the trial court erred in ruling on A.S.'s motion for expungement without a hearing. Based on our disposition of the first assignment of error, however, the state's second assignment of error is overruled as moot. *See* App.R. 12(A)(1)(c).

**{¶15}** The trial court's order sealing the record is reversed. This case is remanded to the trial court with instructions to deny A.S.'s motion for expungement and to unseal the record of his conviction for contributing to unruliness or delinquency of a child.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

SEAN C. GALLAGHER, P.J., and
KENNETH A. ROCCO, J., CONCUR