[Cite as *State v. B.C.*, 2014-Ohio-4091.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100984**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## B.C.

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-01-406540-A

**BEFORE:** Jones, J., Boyle, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 18, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Diane Smilanick
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

BY: John T. Martin
Cuyahoga County Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Plaintiff-appellant, the state of Ohio, appeals from the trial court's judgment entry granting defendant-appellee's, B.C.,[1] motion for expungement. We reverse and remand.

{¶2} In July 2013, defendant-appellee, filed an application under R.C. 2953.32(A)(1) to have the record of conviction in this case sealed; a hearing was requested.

{¶3} The trial court ordered an expungement report. The matter was never set for a hearing. In a judgment entry dated December 9, 2013, the trial court granted defendant-appellee's unopposed motion. A revised judgment entry, also granting the motion, was dated December 31, 2013. The state filed this appeal on February 12, 2014. Defendant-appellee moved this court to dismiss this appeal for lack of jurisdiction on the ground that the appeal was untimely. This court denied the motion.[2]

{¶4} In its sole assignment of error, the state contends that the trial court erred in granting defendant-appellee's motion without first holding a hearing. Defendant-appellee contends that this appeal should be dismissed because the state failed to file a timely appeal. The state responds that it did not receive the judgment granting the expungement until January 22, 2014, and, therefore, its appeal was timely.

{¶5} This court already considered defendant-appellee's position on the timeliness of this appeal, and found it not well-taken. Thus, because this issue has been previously

[1] It is this court's policy to refer to defendants in matters involving expungements by their initials.

[2] See motion no. 473840, denying defendant-appellee's motion to dismiss.

resolved by this court, and it is not now presented again via a motion for reconsideration, we decline to address it again. That said, we now consider the state's assigned error.

{¶6} We generally review a trial court's decision on an expungement motion for an abuse of discretion. *State v. A.S.*, 8th Dist. Cuyahoga No. 100358, 2014-Ohio-2187, ¶ 7. An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶7} R.C. 2953.32 governs expungement and provides in relevant part as follows:

> (B) Upon the filing of an application under this section, the court *shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application.* The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. * * *

(Emphasis added.) R.C. 2953.32(B).

{¶8} The state contends that defendant-appellee does not meet the requirements for an eligible offender under R.C. 2953.31(A).[3] The trial court did not set the matter for hearing, nor give notice to the state. We find this to be an abuse of discretion. The state's assignment of error is therefore sustained.

{¶9} Judgment reversed; case remanded to the trial court with instructions to conduct a hearing and make the necessary findings under R.C. 2953.32 on the record.

It is ordered that appellant recover from appellee costs herein taxed. The court finds there were reasonable grounds for this appeal.

---

[3]Defendant-appellee previously filed a motion for expungement in 2009, which the state opposed, and

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR.,   JUDGE

MARY J. BOYLE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR

---

the trial court denied.