[Cite as *State v. Marlett*, 2015-Ohio-3795.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellant* | : | Appellate Case No. 26557 |
| | : | |
| v. | : | Trial Court Case No. 2012-CRB-0933 |
| | : | |
| KYLE D. MARLETT | : | (Criminal Appeal from Municipal Court) |
| | : | |
| *Defendant-Appellee* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of September, 2015.

. . . . . . . . . . .

KENT J. DEPOORTER, Atty. Reg. No. 0058487, Assistant Prosecutor, Kettering Municipal Court, 7501 Paragon Road, Dayton, Ohio 45459
    Attorney for Plaintiff-Appellant

CHARLES W. SLICER, III, Atty. Reg. No. 0059927, 111 West First Street, Suite 518, Dayton, Ohio 45402
    Attorney for Defendant-Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment of the Kettering Municipal Court sealing defendant-appellee Kyle D. Marlett's record of conviction for criminal trespass immediately after sentencing. Specifically, the State contends that, pursuant to R.C. 2953.32, Marlett was required to wait one year from his misdemeanor conviction before applying to have the record sealed. For the reasons outlined below, the judgment of the trial court sealing the record of Marlett's conviction will be vacated.

{¶ 2} Sometime prior to December 30, 2014, Marlett was found guilty of criminal trespass, a misdemeanor of the fourth degree, following a bench trial. According to the State's brief, Marlett had stolen some building materials from a construction site. Neither the charging instrument, the judgment of conviction, nor the transcript of the bench trial is part of the record before this court.

{¶ 3} On December 30, 2014, the trial court sentenced Marlett to pay a fine of $100, which the trial court thereafter suspended. Counsel for the State was not present during sentencing. Immediately after the sentence was announced, and before any final judgment entry was filed, the following discussion took place between the trial court and Marlett's trial counsel:

COURT: Check to see if your motion's [sic] come in. Go out with Rob, and he's gonna process, or have them process whatever they need through the Clerk's [sic] and you bring him right back in and we'll do the[—]

DEFENSE: It should be here by now.

COURT:  Okay.

DEFENSE:  Okay, great, thanks.

COURT:  I'll be back in Chambers, so just let Rob know, or somebody come back and let me know, and I'll come back and we'll take care of it.

Sentencing Trans. (Dec. 30, 2014), p. 3.

{¶ 4} While trial court did not specify the nature of the motion it was referring to and was thereafter cut off before it could explain what it was going to do once the motion was processed, we can glean from the record that the court was referring to an application to seal Marlett's record of conviction, because shortly after the court made the foregoing comments, it came back on the record and stated the following to Marlett:

Mr. Marlett, same thing. I'm granting the request to seal [the] record of conviction. You'll get a certified copy. Keep it for future reference. Once you walk out of the Courthouse, the record's sealed technically. Realistically, it's gonna take that amount of time that I explained to the other gentleman.

Hearing Trans. (Dec. 30, 2014), p.3.

{¶ 5} A judgment entry reflecting the court's decision to seal the record was filed the same day, December 30, 2014. The judgment entry incorrectly stated that Marlett had been acquitted. In addition, the entry stated that "all official records pertaining to this case shall be sealed and all indexed references thereto shall be deleted[.]"

{¶ 6} On January 7, 2015, the trial court filed an amended judgment entry that referenced the sealing of the record and stated the following:

Further, the Court finds that the [case] qualifies for expungement pursuant to §2953.31(A) of the Revised Code; that there is no pending criminal proceeding against Defendant; that Defendant's rehabilitation has been attained to the satisfaction of the Court, and that the sealing of the record of Defendant's conviction is consistent with the public interest.

The amended entry also differed from the original entry in that it did not refer to an acquittal, and the list of agencies upon which the order was to be served was more extensive and specific than the original order.

{¶ 7} On January 13, 2015, the State appealed from both the trial court's original and amended judgment entries sealing Marlett's record of conviction, raising the following single assignment of error for review:

THE TRIAL COURT ABUSED ITS DISCRETION IN SIGNING AND APPROVING THE ENTRY & ORDER SEALING THE RECORD OF CONVICTION THAT DID NOT SATISFY THE PROPER REQUIREMENTS UNDER OHIO REVISED CODE §2953.32.

{¶ 8} Under its sole assignment of error, the State contends that Marlett's application to seal the record of his conviction had been improperly granted because R.C. 2953.32 provides that an offender convicted of a misdemeanor is not eligible for sealing his record until one year after his "final discharge." The State also asserts that neither Marlett nor the trial court notified the State of the application to seal before it was addressed by the court, which deprived the State of its opportunity to object to the court's action.

{¶ 9} "The trial court's preliminary determination as to whether the statutory

eligibility requirements for sealing a conviction apply is a question of law that this court reviews de novo." (Citations omitted.) *State v. Widener*, 2d Dist. Miami No. 2013 CA 29, 2014-Ohio-333, ¶ 8. If the conviction was eligible to be sealed, we then review the trial court's decision to grant or deny an application to seal a record of conviction for an abuse of discretion. (Citations omitted.) *Id.* *Accord State v. D.L.*, 2d Dist. Montgomery No. 26394, 2015-Ohio-1664, ¶ 7.

{¶ 10} Pursuant to R.C. 2953.32(A)(1), "an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction." An "eligible offender" is "anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction." R.C. 2953.31(A).

{¶ 11} R.C. 2953.32(A)(1) further provides that an offender convicted of a misdemeanor may apply to have his or her record sealed "at the expiration of one year after the offender's final discharge[.]" A court may seal an offender's record of conviction " 'only when all requirements for eligibility are met.' " *State v. Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, ¶ 15, quoting *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980, ¶ 11. (Other citation omitted.)

{¶ 12} The language of R.C. 2953.32 makes clear that the trial court was not authorized to consider Marlett's motion to seal his record simultaneously with or immediately after his conviction, as Marlett was not eligible for such relief until one year after his "final discharge." Moreover, regardless of whether Marlett served his motion on the State, the trial court was still required under R.C. 2953.32(B) to "set a date for a

hearing and * * * [to] notify the prosecutor for the case of the hearing on the application[,]" whereupon the State was permitted to file objections prior to the hearing. The trial court failed to comply with this requirement as well. For the forgoing reasons, the trial court erred in granting Marlett's application to seal the record of his conviction for criminal trespass.

{¶ 13} The State's sole assignment is sustained. Accordingly, the judgment of the trial court sealing the record of Marlett's conviction shall be vacated.

. . . . . . . . . . . . .

FROELICH, P.J. and DONOVAN, J., concur.

Copies mailed to:

Kent J. DePoorter
Charles. W. Slicer, III
Hon. Thomas M. Hanna (retired)
Hon. James F. Long