[Cite as *State v. B.H.*, 2018-Ohio-2649.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106380**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**B.H.**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-09-526117-A

**BEFORE:** Keough, J., Kilbane, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** July 5, 2018

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
By: Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Diane Smilanick
Assistant County Prosecutor
1200 Ontario Street, 9th Floor
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1}    Defendant-appellant, B.H., appeals from the trial court's judgment denying her application for expungement.   For the reasons that follow, we reverse and remand.

## I.    Background and Procedural History

{¶2}    In August 2009, B.H. pleaded guilty to one count of attempted insurance fraud in violation of R.C. 2923.02/2913.47(B)(1), a misdemeanor of the first degree.   The trial court sentenced her to six months in jail, suspended, and ordered her to pay court costs, which she did.

{¶3}    In June 2017, B.H. filed an application to seal the record of her conviction pursuant to R.C. 2953.32(A)(1).   The state opposed the request, arguing that B.H. was not an eligible offender due to her prior convictions:   a 1990 petty theft conviction in Willoughby Municipal Court and a 1991 fifth-degree felony theft conviction in Cuyahoga County Common Pleas Court, both of which had been expunged.

{¶4}    In October 2017, the trial court held a hearing on B.H.'s application.   During the hearing, the state argued that under R.C. 2953.31(A), which defines an "eligible offender" for purposes of the expungement statute, B.H.'s prior convictions, although expunged, rendered her categorically ineligible to have the misdemeanor conviction in this case expunged as well. Defense counsel argued there is no such categorical bar because R.C. 2953.32(C)(2) gives a court discretion to consider prior expungements, but does not require a court to consider a prior sealed record in determining whether to seal a record under R.C. 2953.32.

{¶5}    At the conclusion of the hearing, the trial judge stated "I'll take this case under advisement."   Subsequently, the trial court issued a one-sentence journal entry stating, "[d]efendant's motion for expungement of record is denied."   This appeal followed.

## II. Law and Analysis

{¶6} In her first assignment of error, B.H. argues that the trial court's judgment denying her application for expungement was contrary to law and violated her right to due process. In her second assignment of error, she contends that the trial court erred by not making adequate findings to provide for meaningful appellate review. We agree that the trial court erred by not stating its reasons for denying the application.

{¶7} Under R.C. 2953.32(A), an "eligible offender" may apply to the sentencing court for sealing of the criminal record pertaining to the applicant's conviction. The court must conduct a hearing, and determine (a) whether the applicant is an eligible offender; (b) whether criminal proceedings are pending against the applicant; and (c) whether the applicant has been rehabilitated to the court's satisfaction. R.C. 2953.32(C)(1)(a), (b), and (c). The court must further consider the prosecutor's reasons against granting the application, and it must weigh the applicant's interests in having the record sealed against the government's legitimate needs, if any, to maintain the record. R.C. 2953.32(C)(1)(d) and (e).

{¶8} "Eligible offender" is defined in R.C. 2953.31(A), which states:

> "Eligible offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction.

Before a trial court may exercise its considerable discretion in determining whether to seal a record of conviction, it must first determine whether an applicant is an eligible offender. *State v. Helfrich*, 3d Dist. Seneca Nos. 13-17-30, 13-17-31, and 13-17-32, 2018-Ohio-638, ¶ 16.

{¶9} In its brief in opposition to B.H.'s application and at the hearing, the state argued that B.H. was not an eligible offender under R.C. 2953.31(A) because she had a prior misdemeanor conviction and a prior felony conviction. The defense, on the other hand, argued

that the trial court had discretion to not consider those prior convictions because the record of those convictions had been sealed.

{¶10} The Tenth District considered this issue recently in *In re S.F.M.*, 10th Dist. Franklin No. 14AP-408, 2014-Ohio-5860. In *S.F.M.*, the state argued on appeal that the trial court had erred in granting the defendant's application for expungement because the defendant had more than two misdemeanor convictions, one of which had been sealed. The Tenth District disagreed.

{¶11} It cited R.C. 2953.32(C)(2), which provides that if a court seals a defendant's record of conviction,

> [t]he proceedings in the case that pertain to the conviction or bail forfeiture shall be considered not to have occurred and the conviction or bail forfeiture of the person who is the subject of the proceedings shall be sealed, *except that upon conviction of a subsequent offense, the sealed record of prior conviction or bail forfeiture may be considered by the court in determining the sentence or other appropriate disposition, including the relief provided for in sections 2953.31 to 2953.33 of the Revised Code.* (Emphasis added.)

*Id.* at ¶ 9.

{¶12} The Tenth District found this statutory language "clear and unambiguous" that a court "may" consider a prior sealed record in determining whether to seal a record under R.C. 2953.32. *S.F.M.* at ¶ 10. It noted further, however, that "[t]he statutory use of the word 'may' is generally construed to make the provision in which it is contained optional, permissive, or discretionary." *Id.* Thus, it concluded that "[h]ere, the General Assembly has written a discretionary statute. R.C. 2953.32 allows, but does not require, the court to consider a prior sealed record in determining whether to seal a record under R.C. 2953.32." *Id.*

{¶13} The *S.F.M.* court found that the trial court had decided, in its discretion, that it was not going to consider the defendant's prior sealed record in determining her eligibility under R.C.

2953.32. *S.F.M.*, 10th Dist. Franklin No. 14AD-408, 2014-Ohio-5860 at ¶ 10. The court further found that without the prior sealed record, there was no dispute that the defendant fit the definition of "eligible offender," and it therefore affirmed the trial court's judgment granting the application for expungement. *Id*.

{¶14} We agree with the reasoning set forth in *S.F.M.* that the General Assembly has written a discretionary statute, and that R.C. 2953.32 allows but does not require a trial court to consider a prior sealed record in deciding whether to seal a record under R.C. 2953.32. We reject the state's argument that *State v. Hoyles*, 10th Dist. Franklin No. 08AP-946, 2009-Ohio-4483, compels a different conclusion. In *S.F.M.*, the Tenth District specifically found that *Hoyles* was not inconsistent with its decision, even though in *Hoyles*, the court had rejected the defendant's argument that an offender could qualify as a first offender multiple times so long as every prior conviction was sealed. *S.F.M.* at ¶ 8, 11. The *S.F.M.* court noted that its language in *Hoyles* suggested that a trial court has discretion in deciding whether to consider a prior sealed record, and further, that none of the cases it cited in *Hoyles* addressed or acknowledged the discretionary "may" language in R.C. 2953.32(C)(2). *Id.* at ¶ 11. Accordingly, the *S.F.M.* court found that *Hoyles* and the cases cited therein were distinguishable.

{¶15} In this case, the trial court summarily denied B.H.'s application; it did not state its findings on the record, either at the hearing or in its journal entry. Accordingly, we cannot discern from the record what discretion the trial court exercised. Did it determine that B.H. was not an eligible offender in light of her prior sealed convictions? Or did the trial court exercise its discretion to not consider the prior sealed convictions and conclude she was an eligible offender, but did not qualify for expungement under the other factors listed in R.C.

2953.32(C)(1)? Without any findings or conclusions, it is impossible to tell. We cannot, however, simply defer to the trial court's discretion.

{¶16} This court has repeatedly held that a trial court must place its findings on the record to demonstrate compliance with R.C. 2953.32. *Beachwood v. D.Z.*, 8th Dist. Cuyahoga No. 94024, 2010-Ohio-3320 (summary denial of appellant's motion reversed; remanded for court to state its findings and reasons for its ruling on the record); *State v. M.D.*, 8th Dist. Cuyahoga No. 92534, 2009-Ohio-5694 (where no findings stated orally at hearing or in written journal entry, summary denial of application for expungement reversed for court to issue findings in accordance with R.C. 2953.32); *State v. Gerber*, 8th Dist. Cuyahoga No. 87351, 2006-Ohio-5328 (a trial court must include findings in its judgment entry to illustrate compliance with R.C. 2953.32); *Cleveland v. Hogan*, 8th Dist. Cuyahoga No. 85214, 2005-Ohio-3167, ¶ 12 (reversed because "while the trial court may have considered facts relative to the R.C. 2953.52(B) findings, the findings were not placed on the record"); *State v. Woolley*, 8th Dist. Cuyahoga No. 67312, 1995 Ohio App. LEXIS 1246 (Mar. 30, 1995) (reversed and remanded for hearing and journal entry showing that R.C. 2953.32 factors were considered).[1]

{¶17} Accordingly, we reverse the summary denial of B.H.'s application for expungement and remand for the trial court to issue findings in accordance with R.C. 2953.32.

It is, therefore, considered that said appellant recover of said appellee its costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

---

[1]*State v. Krutowsky*, 8th Dist. Cuyahoga No. 81545, 2003-Ohio-1731, which the state cites for the proposition that there is no requirement that the trial court set forth its reasoning when granting or denying an application for expungement, appears to be an anomaly in this court's long line of cases holding that a court must place its findings on the record for review.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____

KATHLEEN ANN KEOUGH, JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J., CONCUR