[Cite as *State v. K.S.*, 2019-Ohio-1766.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,             :

                                  No. 107124

    v.                              :

K.S., ET AL.,                           :

    Defendants-Appellants.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 9, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-02-422177-A, CR-02-422177-B, and
CR-02-422177-D

---

### *Appearances:*

Community Advocacy Law Clinic, Maya M. Simek, Cleveland-Marshall College of Law, *for appellant.*

Michael C. O'Malley, Prosecuting Attorney, Daniel T. Van, and Anthony Thomas Miranda, Assistant Prosecuting Attorneys, *for appellee.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendants-appellants R.S., K.H.S., and K.S. (hereinafter "the brothers") appeal the trial court's decision to deny their applications to seal their

criminal records.  The brothers request this court to reverse the trial court's decision denying their applications to seal their records and remand the case to the trial court for a hearing on the merits.  We affirm the trial court's decision to deny the applications.

{¶ 2}  The brothers each pleaded guilty to two counts of interference with custody, first-degree misdemeanors, in violation of R.C. 2919.23(A)(1).  They were sentenced to ten days in jail, ordered to pay a $250 fine plus courts costs.  The brothers received credit for jail time served and the remainder of the jail time was suspended.

## I.  Facts

{¶ 3}  On December 11, 2017, the brothers filed applications to seal their criminal records.  The trial court held a hearing on their applications and the following facts were revealed.

{¶ 4}  In 2001, the brothers removed their two nephews from their family home at the request of their oldest brother, the father of the children.  The parents of the nephews were going through a contentious divorce, and the father of the children asked the brothers to remove the nephews from the familial home, unbeknownst to the nephews' mother.  The brothers removed the nephews.  At the time of their removal, the nephews were both under the age of 16.  The brothers took their nephews to their mother's home where the nephews lived while the nephews' mother was in prison.  The grandmother had temporary custody of the nephews while the mother was in prison. The mother called the police and the brothers were

charged with abduction and interference with custody. The brothers ultimately pleaded guilty to interference with custody in 2002.

{¶ 5} After hearing the facts and listening to counsel for the brothers and the state, the trial court denied their applications, stating,

> The young victims were under the age that precludes granting this motion, even though defendant presented a compelling case that there was no intent to harm the children and that no harm occurred then or later when the defendant remained a part of the children's lives. However, the statute makes no exception in this regard.

Journal entry No. 103129132 (Mar. 28, 2018).

{¶ 6} As a result of the trial court's denial, the brothers have filed this timely appeal asserting two errors for our review:

I. The trial court erred in denying the appellants-defendants' applications for sealing the record because it misconstrued the appellants-defendants' eligibility under the statute; and

II. The trial court abused its discretion when it failed to consider the statutory requirements of rehabilitation and balancing of the contested interests.

## II. Discussion

{¶ 7} For ease of review, we will discuss both assignments of error together. In *State v. A.S.*, 8th Dist. Cuyahoga No. 100358, 2014-Ohio-2187, this court explained the standard of review of a ruling on a motion to seal a record of conviction as follows:

> Generally, a trial court's decision to grant or deny a motion to seal records filed pursuant to R.C. 2953.52 is reviewed for an abuse of discretion. *State v. C.K.*, 8th Dist. Cuyahoga No. 99886, 2013-Ohio-5135, ¶ 10, citing *In re Fuller*, 10th Dist. Franklin No. 11AP-579, 2011-Ohio-6673, ¶ 7. * * * However, the applicability of R.C. 2953.36 to an

applicant's conviction is a question of law that this court reviews de novo. *State v. M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025, ¶ 15, citing *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6.

*Id.* at ¶ 7. *See also State v. Ninness*, 6th Dist. Ottawa No. OT-11-024, 2013-Ohio-974, ¶ 8; *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497.

{¶ 8} The purpose of expungement, or sealing a record of conviction, is to recognize that people may be rehabilitated. *State v. Petrou*, 13 Ohio App.3d 456, 456, 469 N.E.2d 974 (9th Dist.1984). In enacting the expungement provisions, the legislature recognized that "'[p]eople make mistakes, but that afterwards they regret their conduct and are older, wiser, and sadder. The enactment and amendment of R.C. 2953.31 and 2953.32 is, in a way, a manifestation of the traditional Western civilization concepts of sin, punishment, atonement, and forgiveness.'" *State v. M.D.*, 8th Dist. Cuyahoga No. 92534, 2009-Ohio-5694, ¶ 8, quoting *State v. Boddie*, 170 Ohio App.3d 590, 2007-Ohio-626, 868 N.E.2d 699, ¶ 8 (8th Dist.).

{¶ 9} "'Expungement is an act of grace created by the state,' and so it is a privilege, not a right." *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 665 N.E.2d 669 (1996). Nonetheless, the Ohio Supreme Court has made it clear that "[t]he expungement provisions are remedial in nature and 'must be liberally construed to promote their purposes.'" *M.D.* at ¶ 9, quoting *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 716 N.E.2d 204 (1999).

{¶ 10} Before a trial court may exercise its considerable discretion in determining whether to seal a record of conviction, it must first determine whether an applicant is an eligible offender. *See State v. Helfrich*, 3d Dist. Seneca Nos. 13-17-30, 13-17-31, and 13-17-32, 2018-Ohio-638, ¶ 16.

> Under R.C. 2953.32(A), an "eligible offender" may apply to the sentencing court for sealing of the criminal record pertaining to the applicant's conviction. The court must conduct a hearing, and determine (a) whether the applicant is an eligible offender; (b) whether criminal proceedings are pending against the applicant; and (c) whether the applicant has been rehabilitated to the court's satisfaction. R.C. 2953.32(C)(1)(a), (b), and (c). The court must further consider the prosecutor's reasons against granting the application, and it must weigh the applicant's interests in having the record sealed against the government's legitimate needs, if any, to maintain the record. R.C. 2953.32(C)(1)(d) and (e).

*State v. B.H.*, 8th Dist. Cuyahoga No. 106380, 2018-Ohio-2649, ¶ 7.

{¶ 11} "Eligible offender" is defined in former R.C. 2953.31(A),[1] which states:

> Eligible offender means anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction.

{¶ 12} The state argued that the brothers were not eligible offenders under R.C. 2953.36(A)(6). Sealing of record of convictions exception of R.C. 2953.36(A)(6) states, "[c]onvictions of an offense in circumstances in which the victim of the offense was less than sixteen years of age when the offense is a

---

[1] R.C. 2953.31(A) was amended on October 29, 2018.

misdemeanor of the first degree or a felony, except for convictions under section 2919.21 of the Revised Code." The record reveals that the nephews were both under the age of 16 at the time of the offense and from a clear reading of the statute, the trial court was statutorily barred from granting the brothers' motion. However, the brothers argue that the parents are the victims under the offense of interference with custody and not the children and therefore they are eligible offenders.

{¶ 13} We find that the brothers' assertion that the parents, not the nephews, are the victims is incorrect. In every appellate district in the state of Ohio, in cases where the defendant is charged with custodial interference, the victim has always been identified as the minor child, not the parent. *See, e.g., Giambrone v. Berger*, 57 Ohio App.3d 38, 566 N.E.2d 711 (1st Dist.1989); *State v. Villamor-Goubeaux*, 2016-Ohio-7420, 72 N.E.3d 1185, ¶ 24 (2d Dist.); *In re A.S.*, 4th Dist. Pike Nos. 16CA878, 16CA879, 2017-Ohio-1166 (victim is an eight-year-old girl); *Lakewood v. Dorton*, 8th Dist. Cuyahoga No. 81043, 2003-Ohio-1719; *State v. Dineen*, 8th Dist. Cuyahoga No. 81818, 2003-Ohio-2742; *State v. Blackley*, 8th Dist. Cuyahoga No. 100574, 2014-Ohio-3140; *State v. Kincer*, 12th Dist. Clermont No. CA2004-06-048, 2005-Ohio-5626; *Jacobson-Kirsch v. Kaforey*, 9th Dist. Summit No. 26102, 2012-Ohio-355 (the victim of custodial interference is described as the child, not the parent).

{¶ 14} In a recent case, the First Appellate District held that

[t]he trial court did not err in concluding that it lacked jurisdiction under R.C. 2953.36 to grant defendant's application to seal records of her convictions for interference with custody in violation of

R.C. 2919.23 because minor children were the victims of her offenses; and that R.C. 2953.36(A)(6) provides that the record-sealing processes do not apply to an offense in which the victim was less than sixteen years of age if the offense is a misdemeanor of the first degree or a felony.

*State v. Sager*, 1st Dist. Hamilton Nos. C-180051 and C-180052, 2019-Ohio-135, syllabus. We agree with the other appellate districts that the victims are the minor children, not the parents.

{¶ 15} Although the record contains facts that the nephews were not harmed and remain in contact with the brothers as of the hearing, we cannot substitute judicial preference for legislative intent. "'Judicial policy preferences may not be used to override valid legislative enactments, for the General Assembly should be the final arbiter of public policy.'" *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 22, quoting *State v. Smorgala*, 50 Ohio St.3d 222, 223, 553 N.E.2d 672 (1990), *superseded by statute on other grounds* as recognized in *State v. Mayl*, 106 Ohio St.3d 207, 2005-Ohio-4629, 833 N.E.2d 1216, ¶ 54. "An applicant whose conviction falls within any provision of R.C. 2953.36 is not 'eligible' to have his or her conviction sealed. *State v. Widener*, 2d Dist. Miami No. 2013-CA-29, 2014-Ohio-333, ¶ 7." The statute is clear that if the victim, which is the minor child, is less than 16 years of age when the offense is committed, offenders are not eligible to have their record sealed.

{¶ 16} Therefore, we find that the trial court did not err in denying the appellants-defendants' applications for sealing the record. Accordingly, the trial court did not misconstrue the brothers' eligibility to have their record sealed under

the statute.  "'Expungement can be granted only when all statutory requirements for eligibility are met.'"  *State v. Jithoo*, 10th Dist. Franklin No. 05AP-436, 2006-Ohio-4978, ¶ 6, quoting *In the Matter of White*, 10th Dist. Franklin No. 05AP-529, 2006-Ohio-1346, at ¶ 4-5.

{¶ 17} The brothers also contend that the trial court abused its discretion when it failed to consider the statutory requirements of rehabilitation and balancing of the contested interests.

> R.C. 2953.31 et seq. set forth the procedures for sealing a record of conviction. The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling. *State v. A.S.*, 8th Dist. Cuyahoga No. 100358, 2014-Ohio-2187, ¶ 10, citing *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, paragraph two of the syllabus.  Under R.C. 2953.32, the trial court must determine: whether the applicant is an "eligible offender"; whether criminal proceedings are pending against the applicant; and whether the applicant has been rehabilitated to the satisfaction of the court. The court must then "consider the reasons against granting the application specified by the prosecutor" and weigh the applicant's interests in having the records sealed versus the government's needs, if any, for maintaining those records.  R.C. 2953.32(C). The applicant must meet all of the statutory criteria for eligibility in order to invoke the jurisdiction of the court to grant an expungement.  *A.S.* at ¶ 9.

*State v. T.S.*, 8th Dist. Cuyahoga No. 102648, 2017-Ohio-7395, ¶ 8.

{¶ 18} It is clear that the trial court must consider the reasons against granting the application specified by the prosecutor and weigh the applicant's interests in having the records sealed versus the government's needs, if any, for maintaining those records only once the trial court has determined the applicant to be an "eligible offender."  The brothers were determined not to be eligible offenders. "R.C. 2953.36 enumerates the crimes that cannot be expunged.  Under

R.C. 2953.36(A)(6), expungement is not available if the conviction was for a felony or for a misdemeanor of the first degree and the victim was under 16 years of age (except for criminal nonsupport cases)." *T.S.* at ¶ 9.

{¶ 19} Therefore, since the brothers were not eligible offenders, the trial court did not have to consider the statutory requirements of rehabilitation and balancing of the contested interests. The trial court did not have jurisdiction to expunge the brothers' convictions.

> An applicant must meet the statutory criteria for eligibility in order to invoke the court's jurisdiction to expunge a conviction. *State v. Menzie*, 10th Dist. Franklin No. 06AP-384, 2006-Ohio-6990, ¶ 7. The applicant whose conviction falls under R.C. 2953.36 is "ineligible" for expungement. *State v. M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025, ¶ 15, citing *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000).

*State v. A.S.*, 8th Dist. Cuyahoga No. 100358, 2014-Ohio-2187, ¶ 9.

{¶ 20} It is well-established that if an applicant's conviction is not eligible for expungement, the trial court lacks jurisdiction to grant the requested relief. *Jithoo* at ¶ 15.

{¶ 21} Therefore, the brothers' assignments of error are overruled.

{¶ 22} Judgment is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR