[Cite as *State v. C.N.*, 2019-Ohio-4673.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | Nos. 108004 and 108007 |
| C.N., | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** November 14, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-06-477912-B and CR-06-477918-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory Ochocki, Assistant Prosecuting Attorney, *for appellant.*

Patrick J. Milligan Co., L.P.A., and Patrick J. Milligan, *for appellee.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the trial court's decision to seal the criminal conviction records of defendant-appellee, C.N. After review of

the record, we vacate the decision of the trial court and remand for further proceedings.

## I. Facts and Procedural History

{¶ 2} In 2006, C.N. pleaded guilty to six felony offenses in two different cases. In Cuyahoga C.P. No. CR-06-477912-B, C.N. pleaded guilty to two counts of breaking and entering, fifth-degree felonies, in violation of R.C. 2911.13; and one count of telecommunications fraud, a fourth-degree felony, in violation of R.C. 2913.05. In Cuyahoga C.P. No. CR-06-477918-A, C.N. pleaded guilty to one count of breaking and entering, a fifth-degree felony, in violation of R.C. 2911.13; one count of theft, a fifth-degree felony, in violation of R.C. 2913.02; and one count of vandalism, a fifth-degree felony, in violation of R.C. 2909.05. The trial court sentenced C.N. to one-year prison terms for each offense in both cases, with the sentences running concurrently to each other.

{¶ 3} On October 29, 2018, C.N. moved to seal the record of convictions in both cases. The state opposed the motion to seal the record, arguing that C.N. was not an eligible offender as defined in R.C. 2953.31(A). The trial court conducted a hearing on the motion to seal the record. The trial court then stated,

> Obviously if I count the case numbers as a felony conviction he's eligible. If I count the counts within the case numbers, he's ineligible, right? So it's a matter of interpretation, and my thought is that, and I do remember this case very well, that [C.N.] and he had some co-defendants if I'm not mistaken were involved in a scheme that roughly took place at the same time within a six-month period. They were charged in separate cases because of the length of investigation that was necessary to determine, among other things, restitution. So it really I think was one course of conduct.

(Tr. 8-9.) Under the trial court's interpretation of R.C. 2953.31(A)(1)(a), C.N. was an eligible offender and it, therefore, granted C.N.'s motion to seal his record of convictions. As a result, the state filed this appeal and assigns one error for our review:

> I. The trail court erred when it found [C.N.] was an eligible offender under RC. 2953.31(A).

## II. Eligible Offender

### A. Standard of Review

{¶ 4} In *State v. A.S.*, 8th Dist. Cuyahoga No. 100358, 2014-Ohio-2187, this court explained the standard of review for a ruling on a motion to seal a record of conviction under R.C. 2953.52 as follows:

> Generally, a trial court's decision to grant or deny a motion to seal records filed pursuant to R.C. 2953.52 is reviewed for an abuse of discretion. *State v. C.K.*, 8th Dist. Cuyahoga No. 99886, 2013-Ohio-5135, ¶ 10, citing *In re Fuller*, 10th Dist. Franklin No. 11AP-579, 2011-Ohio-6673, ¶ 7. * * * However, the applicability of R.C. 2953.36 to an applicant's conviction is a question of law that this court reviews de novo. *State v. M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025, ¶ 15, citing *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6.

*Id.* at ¶ 7. *See also State v. Ninness*, 6th Dist. Ottawa No. OT-11-024, 2013-Ohio-974, ¶ 8.

### B. Whether the Trial Court Erred when it Found [C.N.] was an Eligible Offender under R.C. 2953.31(A)

{¶ 5} The purpose of expungement, or sealing a record of conviction, is to recognize that people may be rehabilitated. *State v. Petrou*, 13 Ohio App.3d 456,

456, 469 N.E.2d 974 (9th Dist.1984). When the legislature enacted the expungement provisions, it recognized that "'[p]eople make mistakes, but that afterwards they regret their conduct and are older, wiser, and sadder. The enactment and amendment of R.C. 2953.31 and 2953.32 is, in a way, a manifestation of the traditional Western civilization concepts of sin, punishment, atonement, and forgiveness.'" *State v. M.D.*, 8th Dist. Cuyahoga No. 92534, 2009-Ohio-5694, ¶ 8, quoting *State v. Boddie*, 170 Ohio App.3d 590, 2007-Ohio-626, 868 N.E.2d 699, ¶ 8 (8th Dist.).

{¶ 6} "'Expungement is an act of grace created by the state,' and so it is a privilege, not a right." *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 665 N.E.2d 669 (1996). Nonetheless, the Ohio Supreme Court has made it clear that "'[t]he expungement provisions are remedial in nature and "must be liberally construed to promote their purposes."'" *M.D.* at ¶ 9, quoting *Boddie* at *id.*, quoting *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 716 N.E.2d 204 (1999).

{¶ 7} Before a trial court may exercise its considerable discretion in determining whether to seal a record of conviction, it must first determine whether an applicant is an eligible offender. *See State v. Helfrich*, 2018-Ohio-638, 107 N.E.3d 695, ¶ 16 (3d Dist.).

> Under R.C. 2953.32(A), an "eligible offender" may apply to the sentencing court for sealing of the criminal record pertaining to the applicant's conviction. The court must conduct a hearing, and determine (a) whether the applicant is an eligible offender; (b) whether criminal proceedings are pending against the applicant; and

(c) whether the applicant has been rehabilitated to the court's satisfaction. R.C. 2953.32(C)(1)(a), (b), and (c). The court must further consider the prosecutor's reasons against granting the application, and it must weigh the applicant's interests in having the record sealed against the government's legitimate needs, if any, to maintain the record. R.C. 2953.32(C)(1)(d) and (e).

*State v. B.H.*, 8th Dist. Cuyahoga No. 106380, 2018-Ohio-2649, ¶ 7.

{¶ 8} "Eligible Offender" is defined in R.C. 2953.31(A)(1), as,

(a) Anyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense;

(b) Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶ 9} After a review of the limited record, we determine that the state is incorrect in its interpretation of the statute. The state argued in its brief that C.N. did not qualify as an eligible offender because he had six felony convictions from

Cuyahoga County, which is more than the "but no more than five felonies" required by the statute. In response to the state's objections, the trial court stated,

> so this is a brand new statute, and I'm not sure that this issue has, as regards to the brand new statute, the statute reads literally five felonies, and that's what it says, but they do not distinguish whether that's five separate case numbers or five counts in one case number or in this case three here, two there and one in Lorain. Obviously if I count the case numbers as a felony conviction he's eligible. If I count the counts within the case numbers, he's ineligible, right? So it's a matter of interpretation, * * * So it really I think was one course of conduct. * * * So we'll grant the motion for expungement.

(Tr. 8-10.)

{¶ 10} The plain reading of R.C. 2953.31(A)(1)(b), in part, states that:

> When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction[.]

{¶ 11} The state's contention that each felony count in each case is counted as a felony conviction is misplaced. C.N. pleaded guilty to three felony counts in each case, resulting from two indictments, which were a result from the "same plea of guilty." The trial court determined C.N.'s convictions to be one conviction, and stated, "[t]hey were charged in separate cases because of the length of investigation that was necessary to determine, among other things, restitution. So it really I think was one course of conduct." (Tr. 9.) The trial court considered C.N.'s two convictions from the Cuyahoga County cases as one felony conviction for the

purposes of expungement. However, under the facts of this case, whether C.N.'s Cuyahoga County convictions are considered as one or two felonies does not matter for the purpose of his expungement as explained below.

{¶ 12} At the time of this hearing, C.N. had a third-degree felony conviction in Lorain County. Therefore, R.C. 2953.31(A)(1)(a) does not apply to C.N. We must look to R.C. 2953.31(A)(1)(b). Under R.C. 2953.31(A)(1)(b), C.N. is not an eligible offender because he has more than one felony conviction.

{¶ 13} C.N. contends that the state's argument is moot because his felony conviction from Lorain County was sealed on January 16, 2019. We determine that C.N.'s contention has no merit because the Lorain County conviction was sealed after his Cuyahoga County hearing on December 11, 2018, to seal C.N.'s conviction. Therefore, at the December 11, 2018 hearing in Cuyahoga County, C.N. had two felony convictions on his record — one in Cuyahoga County and one felony of the third degree in Lorain County. In reviewing the transcript of the hearing on the motion to seal the record, we appreciate the trial court's reasoning where it stated,

> * * * I appreciate your arguments here and the sidebar conversation where you educated the Court about this recent modification to the expungement law, and I do note that the expungement statute was changed by the Ohio legislature in October of 2018, and without anybody — without any editorializing or politicizing, obviously liberalizing the process of obtaining an expungement, * * *.

(Tr. 8.) However, we determine that C.N. was not an eligible offender and that the state's argument is not moot. "'The statutory law in effect at the time of the filing of the R.C. 2953.32 application to seal a record of conviction is controlling.'

*State v. Lasalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, paragraph two of the syllabus; *see also State v. Banks*, 10th Dist. Franklin No. 13AP-350, 2013-Ohio-4890, ¶ 12, citing *Lasalle.*" *State v. R.P.*, 10th Dist. Franklin No. 19AP-36, 2019-Ohio-2540, ¶ 14.

{¶ 14} The trial court erred in its determination that C.N. is an eligible offender.

> If an applicant is not an eligible offender, the trial court lacks jurisdiction to grant the application. *See In re Barnes*, 10th Dist. No. 05AP-355, 2005-Ohio-6891, ¶ 12. As a result, an order sealing the record of one who is not an eligible offender is void for lack of jurisdiction and may be vacated at any time. *Id.* at ¶ 13; *State v. McCoy*, 10th Dist. No. 04AP-121, 2004-Ohio-6726, ¶ 11.

*State v. Dominy*, 10th Dist. Franklin No. 13AP-124, 2013-Ohio-3744, ¶ 6.

{¶ 15} Therefore, we vacate the trial court's judgment to seal the criminal conviction records of C.N.

{¶ 16} Appellant's sole assignment of error is sustained.

{¶ 17} Judgment is vacated and the case remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
RAYMOND C. HEADEN, J., CONCURS IN JUDGMENT ONLY