[Cite as *State v. B.K.*, 2020-Ohio-4219.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

    v.                             :

B.K.,                                   :

    Defendant-Appellant.           :

No. 109067

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 27, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-569003-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory Ochocki, Assistant Prosecuting Attorney, *for appellee.*

Friedman & Gilbert L.L.C., and Mary Catherine Corrigan, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} B.K. appeals the denial of his motion to seal his multiple felony convictions. For the reasons that follow, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} In 2012, B.K. was a 24-year-old college student at Baldwin Wallace University ("BW") studying piano performance. He and three fellow university students, who later became codefendants, hatched a cockamamie scheme to manufacture and distribute the drug Methylenedioxy-methamphetamine, commonly known as Ecstasy. We will refer to the drug by its common abbreviation, MDMA.

{¶ 3} On May 18, 2012, B.K. and a codefendant broke into the chemistry department at BW to obtain some of the supplies and ingredients they would need to manufacture MDMA. Over the next few months, B.K. and the codefendants obtained additional ingredients and attempted to make MDMA at various locations on different days. They never succeeded in making the drug.

{¶ 4} On June 20-21, 2012, text messages between B.K. and his codefendants revealed that first they attempted — but failed — to manufacture MDMA in a BW dorm room then moved their effort to another location. On October 19, 2012, law enforcement executing a search warrant at an off-campus house seized equipment and ingredients necessary to make MDMA. B.K. and the other codefendants were arrested that night.

{¶ 5} In November 2012, B.K. was indicted in a 27-count indictment along with three other students. On January 15, 2014, B.K. pled guilty to several amended counts in a package plea deal with one of the other codefendants. The plea included the agreement to serve mandatory prison time.

{¶ 6} B.K. was convicted of the following: burglary in violation of R.C. 2911.12(B), a fourth-degree felony, for an offense dated May 18, 2012; assembly or possession of chemicals used to manufacture a controlled substance in violation of R.C. 2925.041(A), a third-degree felony, for an offense dated June 20-21, 2012; attempted illegal manufacturing or cultivation of drugs in violation of R.C. 2925.04(A) and 2923.02(A), a third-degree felony, for an offense dated October 19, 2012; and possessing criminal tools in violation of R.C. 2923.24(A), a fifth-degree felony, for offenses dated October 19, 2012.

{¶ 7} On February 13, 2014, B.K. was sentenced to a minimum term of incarceration of nine months. He was also ordered to pay a $5,000 fine and his driver's license was suspended for nine months. He completed the sentence and moved to seal his convictions on April 1, 2019. After a hearing, the trial court denied B.K.'s motion to seal, finding that he was not an eligible offender because his offenses were not sufficiently connected to be considered the same act under R.C. 2953.31(A)(1)(b). As a result, B.K. was found to have too many convictions to be eligible for sealing.

{¶ 8} This appeal follows. B.K. asserts the following assignment of error:

<u>Assignment of Error No. 1</u>

The trial court erred in finding that the Appellant was not an eligible offender for expungement under R.C. 2953.31(A)(2)(b).

## II. LAW AND ANALYSIS

{¶ 9} R.C. 2953.31 governs the sealing of convictions. When considering a sealing application, the court must first determine whether the applicant is an

eligible offender, as defined in R.C. 2953.31. *State v. C.N.*, 8th Dist. Cuyahoga Nos. 108004 and 108007, 2019-Ohio-4673, ¶ 7. '"To be 'eligible' for sealing, an offender must qualify under either subsection (a) or (b) of R.C. 2953.31(A)(1)."' *State v. D.D.G.*, 2019-Ohio-4982, 136 N.E.3d 1271, ¶ 14 (8th Dist.). "The determination of whether an applicant is an eligible offender is reviewed de novo." *State v. J.C.*, 8th Dist. Cuyahoga No. 108730, 2020-Ohio-1617, ¶ 7, citing *State v. M.E.*, 8th Dist. Cuyahoga No. 106298, 2018-Ohio-4715, ¶ 6, citing *State v. M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025, ¶ 15.

{¶ 10} R.C. 2953.31(A)(1)(a) defines an eligible offender as "[a]nyone who has been convicted of one or more offenses, but not more than five felonies, * * * if all of the offenses in this state are felonies of the fourth or fifth degree * * *." B.K. concedes that he is not an eligible offender under R.C. 2953.31(A)(1)(a) because he has been convicted of two third-degree felonies, in addition to his fourth- and fifth-degree felony convictions.

{¶ 11} Instead, B.K. argues that he is an eligible offender under one of the two merger provisions set forth in R.C. 2953.31(A)(1)(b). The second merger provision requires the crimes to have occurred within a three-month period, which is not the case here. B.K. only argues that the first merger provision applies to him. The first merger provision states:

> When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction.

{¶ 12} B.K. contends that his convictions are sufficiently connected to be counted as one because they resulted from offenses committed over a period of five months as part of a single, unsuccessful scheme to manufacture and distribute MDMA. We find that the trial court did not err in rejecting B.K.'s argument and concluding that B.K.'s convictions do not satisfy the "same act" requirement of R.C. 2953.31(A)(1)(b). In so holding, the trial court relied on *State v. Krantz*, 8th Dist. Cuyahoga No. 82439, 2003-Ohio-4568. In *Krantz*, we explained:

> Offenses that are linked together logically or coherently are considered "connected" for purposes of determining whether a defendant is a first offender. *State v. McGinnis* [90 Ohio App.3d 479, 482, 629 N.E.2d 1084 (4th Dist.1993)]. However, when different acts resulting in separate convictions are committed at different times, a defendant is not considered a first offender. *Krantz* at ¶ 15, citing *McGinnis* at 482, citing *State v. Cresie*, 93 Ohio App.3d 67, 68, 637 N.E.2d 935 [(1st Dist.1993)]. Further, the fact that the charges against the defendant are disposed of in a single proceeding does not automatically lead to the conclusion that those charges merge into a single offense. *Id.*, citing *State v. Saltzer* [20 Ohio App.3d 277, 278, 485 N.E.2d 831 (8th Dist.1985)].

*Krantz* at ¶ 14.

{¶ 13} Krantz pled guilty to three counts of forgery and one count of theft in state court. He also pled guilty to four counts of making, uttering, and possessing counterfeit bank checks in federal court. The court rejected Krantz's argument that his convictions could be merged because "they were part of a single enterprise to illegally obtain and sell pagers and cellular telephones." *Krantz* at ¶ 8. The court instead found that Krantz was not eligible for sealing "because he was convicted of separate and unrelated offenses which occurred over a nine month period and involved numerous victims." *Krantz* at ¶ 15.

{¶ 14} B.K. contends that *Krantz* is not controlling here because the case involved financial crimes with multiple victims that took place over nine months. He claims that his convictions, in contrast, can be merged and counted as one because they were all the result of a failed scheme to manufacture and sell MDMA. His argument is not well taken. As in *Krantz*, B.K.'s crimes did not all arise from the same act or conduct, did not involve the same victims, and occurred on different dates over the course of several months at different locations. We find that the trial court did not err in relying on *Krantz*.

{¶ 15} B.K. also urges us to reverse on the basis of *State v. C.N.*, 8th Dist. Cuyahoga Nos. 108004 and 108007, 2019-Ohio-4673, but his reliance on *C.N.* is misplaced. The trial court in *C.N.* determined that the defendant's six felony convictions in two separate Cuyahoga County cases were the result of "one course of conduct" and could be counted as one conviction under R.C. 2953.31(A)(1)(a). *C.N.* at ¶ 3. On appeal, we rejected the state's contention that each felony count in each case must be counted as separate felony convictions. *Id.* at ¶ 9. However, because C.N. also had a third-degree felony conviction in Lorain County, we found that he was not an eligible offender under either R.C. 2953.31(A)(1)(a) or (b). *Id.* at ¶ 12. We did not determine whether C.N.'s six Cuyahoga County convictions should have been considered as one felony conviction for the purpose of sealing and there are insufficient facts available for us to make any meaningful comparison between C.N.'s convictions and B.K.'s.

{¶ 16} B.K.'s four convictions were based upon different acts on three different dates over the span of five months at several different locations. Accordingly, the trial court did not err in finding that B.K. was not an eligible offender under R.C. 2953.31(A)(1)(b).

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

ANITA LASTER MAYS, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR