[Cite as *State v. Singh*, 2020-Ohio-5604.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RAJINDER SINGH NKA RAJINDER MALHI,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 19 MA 0141

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2002 CR 551

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Paul Gains*, Mahoning County Prosecutor and *Atty. Ralph Rivera*, Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Richard Hoppel*, Richard V. Hoppel Co., LPA, 16688 St. Clair Avenue, East Liverpool, Ohio 43920, for Defendant-Appellant.

Dated:
December 4, 2020

**Donofrio, J.**

{¶1}    Defendant-appellant, Rajinder Singh, n.k.a. Malhi, appeals from a Mahoning County Common Pleas Court judgment denying his application to seal his criminal record.

{¶2}    Appellant was a licensed physician and became addicted to prescription pain medication.  In order to support his addiction, appellant abused his position as a physician.

{¶3}    In 2000, appellant was convicted of five counts of illegal processing of drug documents, all fifth-degree felonies, in case number 2000 CR 00415 (Case One).  He was placed in the trial court's drug court program but was unsuccessfully terminated from the program in 2001 and was sentenced to prison.  Appellant was later granted judicial release.

{¶4}    On May 16, 2002, a Mahoning County Grand Jury indicted appellant in case number 2002 CR 00551 (Case Two), on seven counts of illegal processing of drugs, fifth-degree felonies in violation of R.C. 2925.23(B)(1)(F)(2), and five counts of deception to obtain dangerous drugs, fifth-degree felonies in violation of R.C. 2925.22(A)(B)(2).  On March 10, 2003, appellant pleaded guilty to all counts.  The trial court sentenced appellant to two years of community control, which appellant successfully completed.

{¶5}    On November 12, 2019, appellant filed an application to seal his criminal record in Case Two pursuant to R.C. 2953.31(A)(1).  He asserted that his convictions in Case Two and his convictions in Case One, arose as the result of the same or similar conduct and that the activities resulting in his convictions were contemporaneous in time but were investigated and charged separately.  Therefore, he asserted the convictions could be considered as one conviction pursuant to R.C. 2953.31.

{¶6}    Plaintiff-appellee, the State of Ohio, filed a response to appellant's application arguing that appellant was not an eligible offender due to the number of felonies he was convicted of.

Case No. 19 MA 0141

{¶7}     The trial court overruled appellant's application, finding that appellant was not an eligible offender as defined in R.C. 2953.31(A)(1).

{¶8}     Appellant filed a timely notice of appeal on December 23, 2019.  He now raises a single assignment of error.

{¶9}     Appellant's assignment of error states:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S APPLICATION TO SEAL A CRIMINAL RECORD IN THE DETERMINATION THAT APPELLANT IS NOT AN 'ELIGIBLE OFFENDER' PURSUANT TO THE DEFINITIONS OF AN ELIGIBLE OFFENDER AS SET FORTH IN O.R.C. §2953.31.

{¶10}    Appellant argues that his multiple convictions should actually be counted as a single conviction under R.C. 2953.31(A)(1)(b), which would result in him being an eligible offender for having his record sealed.  He asserts that multiple convictions resulting from the same guilty plea are to be considered as one conviction.  Additionally, he contends that even though he was convicted of multiple counts in two different cases, these separate cases were the result of a single course of conduct which, but for the need to continue the investigation, would have been contained within one case number.

{¶11}    Generally, an appellate court reviews a trial court's disposition of a motion to seal a record under an abuse of discretion standard.  *State v. Burnside*, 7th Dist. Mahoning No. 08 MA 172, 2009-Ohio-2653, ¶ 12.  But when questions of law are in dispute, the appellate court reviews the trial court's determination de novo.  *Id*.  Whether an applicant qualifies as an "eligible offender" for purposes of an application to seal the record of a conviction is an issue of law that we review de novo.  *State v. A.L.M.*, 10th Dist. Franklin No. 16AP-722, 2017-Ohio-2772, ¶ 9.

{¶12}    A court may only seal a record when all requirements for eligibility are met. *State v. Tauch*, 10th Dist. Franklin No. 13AP-327, 2013-Ohio-5796, ¶ 7.  If an applicant is not an eligible offender, the trial court does not have jurisdiction to grant the application. *Id.*

{¶13}    R.C. 2953.31(A)(1) defines "eligible offender" for purposes of sealing records.  An eligible offender is either:

(a) Anyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense;

(b) Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶14} In support of his argument, appellant relies on *State v. C.N.*, 8th Dist. Cuyahoga No. 108004, 2019-Ohio-4673. In that case, C.N. pleaded guilty to two fifth-degree felonies and one fourth-degree felony in Case One in Cuyahoga County. In Case Two in Cuyahoga County, he pleaded guilty to three fifth-degree felonies. He entered the guilty pleas in both cases at the same time. The trial court sentenced him to one year for each of the offenses and ordered the sentences to run concurrently. Twelve years later, C.N. moved to seal the record in both cases. The state opposed the motion arguing C.N. was not an eligible offender. The trial court found C.N. was an eligible offender because

he was involved in a scheme that took place over a six-month period but the counts were charged in separate cases because of the length of investigation that was necessary to determine, among other things, restitution. *Id.* at ¶ 3. Thus, the trial court found both cases constituted one course of conduct. *Id.* The state appealed.

**{¶15}** On appeal, the state argued that C.N. did not qualify as an eligible offender because he had six felony convictions from Cuyahoga County, which is more than the "but no more than five felonies" required by R.C. 2953.31(A)(1)(a). *Id.* at ¶ 9.

**{¶16}** The Eighth District determined the state's argument that each felony in each case is counted as a felony conviction was misplaced. *Id.* at ¶ 11. It noted that C.N. pleaded guilty to three felony counts in each case, resulting from two indictments, which were a result from the "same plea of guilty." *Id.* The court pointed out that the trial court determined C.N.'s convictions to be one conviction because they were a result of one course of conduct. *Id.* Thus, the trial court considered C.N.'s two convictions from the Cuyahoga County cases as one felony conviction for the purposes of expungement. *Id.*

**{¶17}** The appellate court, however, found that under the facts, whether C.N.'s Cuyahoga County convictions were considered as one or two felonies did not matter for the purpose of his expungement. *Id.* The court pointed out that at the time of his hearing, C.N. also had a third-degree felony conviction in Lorain County. *Id.* at ¶ 12. Therefore, the court concluded that R.C. 2953.31(A)(1)(b) applied to C.N. instead of R.C. 2953.31(A)(1)(a). *Id.* The court determined that under R.C. 2953.31(A)(1)(b), C.N. was not an eligible offender because he had more than one felony conviction. *Id.* Therefore, the appellate court found the trial court erred in determining C.N. was an eligible offender and vacated the trial court's judgment to seal C.N.'s criminal conviction records. *Id.* at ¶ 14-15.

**{¶18}** The facts of this case differ from those of *C.N.* In *C.N.*, the trial count counted C.N.'s three felonies in each case as one offense. Nonetheless, C.N. did not qualify as an "eligible offender under R.C. 2953.31(A)(1)(a) because he also had a conviction for a third-degree felony, which took him out of the definition set forth in that subsection".

**{¶19}** In this case, appellant was convicted of 12 felonies in Case Two. R.C. 2953.31(A)(1)(a) specifically states that it applies to "[a]nyone who has been convicted of

one or more offenses, *but not more than five felonies*[.]" (Emphasis added). Thus, appellant does not meet the definition of "eligible offender" under R.C. 2953.31(A)(1)(a).

{¶20} Next, we must examine whether appellant meets the definition of "eligible offender" pursuant to R.C. 2953.31(A)(1)(b). In relevant part, R.C. 2953.31(A)(1)(b) states that an "eligible offender" is someone who has been convicted of an offense and who has not more than one felony conviction in this state or any other jurisdiction. It goes on to provide that "[w]hen two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction." R.C. 2953.31(A)(1)(b).

{¶21} Appellant urges us to consider all 12 of his felony convictions in Case Two as a single conviction. He then askes that we consider this single conviction in Case Two as part of the same conviction as his five felony convictions in Case One because, he asserts all convictions are connected with the same act or result from offenses committed at the same time.

{¶22} Under the terms of the statute, we cannot consider appellant's 12 felony convictions in Case Two as a single conviction under R.C. 2953.31(A)(1)(b). They were all contained in a single indictment. But the dates of the offenses ranged from September 21, 2000 to February 27, 2002, a time period spanning one year and five months.

{¶23} The only provision of R.C. 2953.31(A)(1)(b) under which appellant's convictions could possibly be consolidated states that the convictions can be counted as one if they "result from or are connected with the same act or result from offenses committed at the same time." In this case, the convictions resulted from offenses committed on September 21, 2000; November 10, 2000; December 6, 2000; December 29, 2000; February 1, 2001; October 4, 2001; October 16, 2001; October 31, 2001; November 1, 2001; December 18, 2001; January 9, 2002; and February 27, 2002.

{¶24} In interpreting the phrase "same act" the Ohio Supreme Court has found "the 'same act' plainly refers to the 'same conduct.'" *State v. Helfrich*, 3d Dist. Seneca No. 13-17-30, 2018-Ohio-638, ¶ 20, quoting *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 16. When the conduct in question occurs on separate dates, it suggests the conduct is not the "same act." *Id.* at ¶ 22. While appellant's convictions were all for similar conduct, because the convictions here spanned a time

Case No. 19 MA 0141

period of a year and five months, they cannot be considered the "same act." Appellant committed similar acts on 12 separate dates. Each one required separate "conduct" on appellant's part.

{¶25} Thus, the trial court correctly found that appellant does not qualify as an eligible offender for purposes of having his records sealed.

{¶26} Accordingly, appellant's sole assignment of error is without merit and is overruled.

{¶27} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P. J., concurs.

Robb, J., concurs.

<u>Case No. 19 MA 0141</u>

_____

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**