[Cite as *State v. Jones*, 2026-Ohio-106.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DAINON JONES,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0076**

---

Juvenile Appeal from the
Court of Common Pleas, Juvenile Division
of Mahoning County, Ohio
Case No. 1993 JV 00775

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro,* Mahoning County Prosecutor, *Atty. Kristie M. Weibling,* Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Dainon Jones,* pro se.

Dated:  January 9, 2026

**Robb, J.**

**{¶1}** Defendant-Appellant Dainon Jones appeals the decision of the Mahoning County Common Pleas Court, Juvenile Division denying his application to seal his juvenile record. For the following reasons, the juvenile court's decision is affirmed.

<u>STATEMENT OF THE CASE</u>

**{¶2}** On April 4, 2025, Appellant filed a pro se application to seal (and then expunge) his juvenile record in three Mahoning County cases from the mid-1990's. In case number 1993 JV 775, Appellant was adjudicated delinquent for menacing, a fourth-degree misdemeanor. In case number 1993 JV 918, he was adjudicated delinquent for attempted robbery, a third-degree felony. In case number 1994 JV 654, he was adjudicated delinquent for escape, a fourth-degree felony.

**{¶3}** When asked to explain the reason for the application, Appellant wrote, "I am applying for a TSA card that prior violence may hinder my employment/trucking business . . ."[1] Appellant's application to seal was heard before a magistrate. At the hearing, Appellant testified and provided documents related to his testimony.

**{¶4}** On June 26, 2025, the magistrate issued a decision denying Appellant's request to seal the portion of his juvenile record contained in his application. The magistrate recited the names and degrees of the offenses in the three cases at issue. The magistrate pointed to Appellant's criminal record since turning 18 and pointed out the state opposed the application for sealing.

**{¶5}** The magistrate recited the following facts from Appellant's testimony: received a GED in 1999 and an associate's degree from a trade school in 2008; owned a trucking business; possessed a commercial driver's license; wished to obtain a TSA card; completed drug treatment; last convicted in 2017 resulted in a period of incarceration; and was still on parole. The documents Appellant submitted in support were acknowledged.

---

[1] Considering the context, "TSA card" appears to be a reference to a credential required for truckers or other "workers who need access to secure areas of the nation's maritime facilities and vessels. TSA conducts a security threat assessment (background check) to determine a person's eligibility and issues the credential." *See* Transportation Security Administration, tsa.gov/twic.

<u>Case No. 25 MA 0076</u>

**{¶6}** In setting forth the law, the magistrate's decision quoted R.C. 2151.356(C)(2)(e) for the test "rehabilitated to a satisfactory degree" and for the factors the court "may" use to make this determination.[2] The magistrate then made findings concerning various factors viewed as relevant to the court's determination, in addition to the offenses and evidence already set forth, by adding the following observations: age 45, additional criminal record after turning 18, and great strides in life but currently on federal parole. The decision "encourage[d]" Appellant to renew his request upon the positive termination of his parole.[3]

**{¶7}** On June 30, 2025, the juvenile judge conducted an independent review of the magistrate's decision, found there was no error of law or other defect on its face, and adopted it. The judgment entry expressly set forth the text of the magistrate's decision in its entirety after stating it was the court's order.

**{¶8}** Appellant filed timely objections to the magistrate's decision. He argued the court was not permitted to consider adult offenses because R.C. 2151.356 did not specifically mention them. He quoted R.C. 2151.356(C)(1), which concludes with the requirement, "at the time of the motion or applicant, the person is not under the jurisdiction of the court in relation to a complaint alleging the person to be a delinquent child." In addition, he emphasized his age and thus the length of time since his juvenile conduct and asked the court to apply a "rule of lenity" in his favor.

**{¶9}** The prosecutor did not respond to the objections, but Appellant did not include a certificate of service with his objections. *See* Juv.R. 20(B), citing Civ.R. 5(B). Appellant did not request a transcript of the magistrate's hearing to support factual arguments, as instructed by Juv.R. 40(D)(3)(b)(iii).

---

[2] Although the magistrate cited (C)(1)(e)(i)-(vi) of R.C. 2151.356, this was clearly a clerical error as there is no such subdivision and the quoted law mirrors (C)(2)(e)(i)-(vi).

[3] A prior application for sealing and expungement was filed in these three cases while Appellant was incarcerated in federal prison. (3/28/22 J.E.) (including five additional juvenile cases); (4/15/22 J.E.) (citing the statutory factors on rehabilitation and discussing his achievements but finding he had extensive juvenile and adult records, did not cease to engage in criminal activity, served four prison sentences since age 18, and was still incarcerated on a 2017 federal drug sentence of approximately 10 years). We note the juvenile court can cause an investigation to determine if the applicant has been rehabilitated to a satisfactory degree. R.C. 2151.356(C)(2)(b). In any event, the prior application and the resulting orders are contained in the three files constituting the record on appeal.

**{¶10}** On July 14, 2025, the juvenile court overruled the objections and upheld the magistrate's decision. Initially, the judgment cited R.C. 2151.356 and referred to the magistrate's consideration of Appellant's federal parole status after serving prison time for a federal conviction of conspiring to possess or distribute fentanyl. The court then set forth separately-numbered orders within the judgment.

**{¶11}** In the first order, the court opined: "The statute is clear that an applicant for sealing/expungement must not be under any court control." Under this order, the court denied Appellant's request for sealing and affirmed the magistrate's decision because Mr. Jones was on parole.

**{¶12}** As a second order, the court denied the objections and affirmed the magistrate's decision by saying the magistrate's decision was approved, adopted, entered as a matter of record, and included as the court's own judgment. In addition to reiterating there was no defect on the face of the decision, the court found the magistrate did not abuse her discretion or commit an error of law. Through this order, the court adhered to the contents of its prior June 30, 2025 judgment reciting the contents of the magistrate's decision (neither of which relied on the legal holding in the first order of the July 14, 2024 judgment). Appellant filed a timely notice of appeal.

<u>APPELLATE DEFICIENCIES</u>

**{¶13}** After the record was filed in this court, we sua sponte provided Appellant a chance to file his brief despite the passing of the filing deadline. (9/11/25 J.E.). On September 23, 2025, he filed a handwritten document containing three arguments. We then ordered Appellant to file a rule-compliant brief or face dismissal. (10/6/25 J.E.). He added a missing certificate of service, which he signed on October 15, 2025, but the certificate was non-compliant. Although it was a separate certificate of service (not physically attached to a document), it did not say a copy of *the brief* was served *or upon whom* or where it served. Instead, it said a "copy of the foregoing of appeal number 24MA0076 of 1993JV00775 judgment, has been sent by regular U.S. mail to the following parties or their counsel" and then listed only himself.

**{¶14}** Moreover, Appellant failed to amend the deficiencies in the handwritten document, which failed to comply with multiple requirements of the Appellate Rules governing a proper brief. *See* App.R. 16(A) (required sections, citations, and information);

<u>Case No. 25 MA 0076</u>

7th Dist.Loc.R. 16 (dismissal for lack of substantial compliance and for improper proof of service; *see also* App.R. 19 (format, type, proper caption, title of filing). His appeal is therefore subject to procedural dismissal consistent with our judgment providing him a warning and time to cure.

{¶15} Appellant also failed to file a transcript of proceedings even though part of his appeal is based on a factual decision after a hearing before a magistrate. In general, "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed . . . The appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court." App.R. 9(B)(1),(3).

{¶16} A praecipe and a motion for a transcript at state's expense were attached to the September 23, 2025 document representing his brief; however, neither attachment was file-stamped for docketing. Essentially, these documents were submitted as attachments or exhibits to the brief. They were placed after a different attached exhibit to the brief (the previously file-stamped copy of his notice of appeal) and before another exhibit to the brief (a file-stamped copy of his objections below). In addition, the pre-printed certifications on both documents were unsigned by Appellant, and the court reporter's acknowledgement on the praecipe was blank.

{¶17} Furthermore, he did not submit a notarized affidavit of indigency to support the motion. *See* R.C. 2319.02 ("An affidavit is a written declaration under oath"). In any event, application for expungement is considered a civil, post-conviction proceeding. *State v. Bissantz*, 30 Ohio St.3d 120, 121 (1987) (as expungement is a postconviction relief proceeding, remedial in nature, and is governed by law applicable to civil actions, the state has the right to appeal if the trial court grants the application). "Appellant is not entitled to obtain transcripts at the state's expense for a postconviction petition, which is civil in nature." *See State v. Jones*, 2017-Ohio-9376, ¶ 21 (7th Dist.). Even if Appellant ensured proper filing instead of sandwiching it within other exhibits to his brief, the filing would have been untimely. *See* App.R. 9; App.R. 10.

{¶18} Regardless of all this, the case was tried before a magistrate, and Appellant failed to order the transcript from the magistrate's hearing to support his objections to the trial court. "An objection to a factual finding, whether or not specifically designated as a

finding of fact under Juv.R. 40(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Juv.R. 40(D)(3)(b)(iii).

**{¶19}** Although Appellant's entire appeal is subject to procedural dismissal due to the non-compliant brief after a warning, we proceed to dispose of his appeal on the merits as well. In doing so, we reject an alternative legal holding made by the juvenile court but we affirm on the grounds expressed in the magistrate's decision and adopted by the trial court (in the alternative to its other holding).

ASSIGNMENTS OF ERROR

**{¶20}** The document we are viewing as Appellant's pro se brief contains an overarching argument that the juvenile court erred in denying the application to seal his juvenile record. He sets forth three specific contentions related to this general allegation of error. First, he essentially contends the court erred when it "found appellant ineligible for expungement for being on supervised release for unrelated offenses concerning any prior delinquency issue." Second, he asks this court to address the alleged "failure of the court to consider the nature of the case that it happened over 30 years ago [and] that there was no victims." Third, he claims the court erred in "fail[ing] to apply the rule of lenity and side with appellant in a statute that may not be clear concerning some issues and side with appellant."

**{¶21}** Appellant's initial argument says it is based on the following eligibility portion of the statute governing the sealing of juvenile records:

> The juvenile court shall consider the sealing of records pertaining to a juvenile upon the court's own motion or upon the application of a person if the person has been adjudicated a delinquent child for committing an act other than a violation of section 2903.01, 2903.02, or 2907.02 of the Revised Code, an unruly child, or a juvenile traffic offender and if, at the time of the motion or application, the person is *not under the jurisdiction of the court in relation to a complaint alleging the person to be a delinquent child.*

(Emphasis added.) R.C. 2151.356(C)(1).

Case No. 25 MA 0076

{¶22} This provision then specifies the time for filing. Pertinently, if the person is 18 or older, then "the application or motion may be made . . . any time after the later of the following: (i) The attainment of eighteen years of age; (ii) "The occurrence of any event identified in divisions (C)(1)(a)(i) to (iii) of this section." R.C. 2151.356(C)(1)(b). These events pushing eligibility beyond age 18 are:

> (i) The termination of any order made by the court *in relation to the adjudication*;

> (ii) The unconditional discharge of the person *from the department of youth services* with respect to a dispositional order made in relation to the adjudication *or from an institution or facility to which the person was committed pursuant to a dispositional order made in relation to the adjudication*;

> (iii) The court enters an order under section 2152.84 or 2152.85 of the Revised Code that contains a determination that the child is no longer a juvenile offender registrant.

(Emphasis added.) R.C. 2151.356(C)(1)(a)(i)-(iii).

{¶23} In his objections to the trial court, Appellant confusingly quoted only the first sentence in (C)(1) when claiming the magistrate was wholly prohibited from considering his adult offenses. As further discussed below, such argument was without merit as this division deals with eligibility and the magistrate proceeded to the next stage dealing with the statutory factors on rehabilitation, one of which was specifically "cessation or continuation of delinquent, unruly, or criminal behavior." R.C. 2151.356(C)(2)(e)(iii).

{¶24} Instead of so stating, the juvenile court addressed Appellant's argument by adopting the contents of the magistrate's decision but also, and alternatively, by construing the eligibility portion of the statute against Appellant. As detailed in our Statement of the Case above, the juvenile court's final judgment first cited R.C. 2151.356 and opined the magistrate's order should be affirmed because Appellant was on federal parole and "[t]he statute is clear that an applicant for sealing/expungement must not be under any court control."

{¶25} Accordingly, Appellant now argues the juvenile court erred by indicating he was ineligible for sealing and expungement due to his federal adult parolee status. He

emphasizes he was "not under the jurisdiction of the court in relation to a complaint alleging the person to be a delinquent child." R.C. 2151.356(C)(1). He does not cite the remainder of (C)(1), quoted above, but it also supports his legal argument. In addition to his plain reading of the statute, he requests a construction in his favor if it is considered unclear.

**{¶26}** Contrary to the juvenile court's first alternative ruling, the plain language of R.C. 2151.356 does not automatically make a person ineligible or prohibit a court from sealing a juvenile record where the person later becomes under the control of an adult court for unrelated conduct and remains on parole from the adult court at the time of the application for sealing of a juvenile record. Rather, the ineligibility portion of the statute unambiguously speaks to a person "under the jurisdiction of the court in relation to a complaint alleging the person to be a delinquent child" -- here the juvenile court. R.C. 2151.356(C)(1).

**{¶27}** Likewise, the three events affecting the timing of the motion are all clearly related to *juvenile* court proceedings. R.C. 2151.356(C)(1)(a)(i)-(iii) (adjudication, disposition, juvenile registrant). Specifically: (i) there was no remaining order pending "in relation to the adjudication"; (ii) the requirement of "unconditional discharge" relates to "the department of youth services" (and also is with respect to a dispositional order in relation to the adjudication) or "an institution or facility to which the person was committed pursuant to a dispositional order made in relation to the adjudication"; and (iii) the juvenile offender registrant event is inapplicable. In other words, no part of the *juvenile* sealing statute imposes a ban on applicants who are on federal adult parole.[4]

**{¶28}** As Appellant points out in his reply brief, a question of statutory interpretation, such as whether the language is plain or ambiguous, would present a question of law reviewed de novo. *See State v. Futrall*, 2009-Ohio-5590, ¶ 4-7, 21 (where the Ohio Supreme Court applied the de novo standard of review to the question of whether offenses can be sealed when they are in the same case with an offense that was exempt from the statute, while rejecting the abuse of discretion standard applicable to the discretionary decision on rehabilitation); *see also State v. T.W.C.*, 2025-Ohio-2890, ¶ 9,

---

[4] The inapplicable statute governing an adult *criminal* record has different requirements. *See* R.C. 2953.32(D)(2) ("If . . . no criminal proceeding is pending against the applicant").

18 (where the Supreme Court pointed out step one eligibility for sealing is a de novo question rather than discretionary as employed in step two); *State v. Jones*, 2021-Ohio-2499, ¶ 9 (7th Dist.) (an appellate court generally reviews a trial court's denial of an application to seal under the abuse of discretion standard but a dispute over whether an applicant is an "eligible offender" is an issue of law reviewed de novo).

**{¶29}** The state's brief bypasses the portion of the trial court's judgment that misconstrues the juvenile statute, and the state does not contend the phrase in (C)(1) quoted by Appellant means something other than what Appellant proposes. Nor did the state make such an argument below. Instead, the state focuses on the magistrate's decision, which was adopted by the trial court, incorporated into the court's judgment, fully recited within the trial court's initial judgment, and expressly adhered to by the trial court thereafter.

**{¶30}** Rather than arguing against Appellant's eligibility or in support of order one within the juvenile court's final judgment, the state addresses the second stage of sealing by evaluating the decision on rehabilitation, applying the abuse of discretion standard, and reviewing the factors listed that may be relevant to the rehabilitation decision. In accordance, the state essentially agrees Appellant was eligible to have his application to seal reviewed and was not automatically ineligible due to parole status; instead arguing the parole status represented a factor available for the trier-of-fact's consideration.

**{¶31}** Although the juvenile court added a holding that misinterpreted the eligibility portion of the statute, the court made an alternative order. It is not unusual for a court to provide legal support for its holdings on multiple grounds or make alternative findings in applying a test with multiple elements, even if the court could have stopped after expressing a belief on one alternative (or one missing element). *See Chick v. Chick*, 2020-Ohio-4431, ¶ 30 (7th Dist.), citing *Garrett-Long v. Garrett*, 2016-Ohio-7041, ¶ 40 (7th Dist.) ("it avoids the potential scenario of multiple remands where a trial court answers a three-pronged test in stages"), citing *Sunseri v. Geraci*, 2012-Ohio-1470, ¶ 49 (7th Dist.) (after holding the trial court erred by finding no changed circumstances, we upheld the alternative decision finding the benefits of a custody change would not outweigh the harm); *see also State ex rel. Crabtree v. Indus. Comm.*, 2007-Ohio-2875, ¶ 2, 6, 10 (10th Dist.) (although the fact-finder could not legally rely on the insufficient report to deny

coverage for one of the medical conditions, an alternative factual decision regarding the appellant's evidence rendered this argument within his objection moot).

**{¶32}** Order two in the juvenile court's final judgment adopted the magistrate's decision and adhered to the court's prior judgment that expressly recited the magistrate's decision in its entirety. *See* Juv.R. 40(D)(4)(e)(i) (upon objections to the magistrate's decision, the court can adhere to the judgment previously entered). This order did not proceed as if Appellant was statutorily ineligible to file an application for sealing and have it considered by the juvenile court. Rather, this part of the judgment was identical to the magistrate's decision, and we review it now.

**{¶33}** The magistrate applied subdivision (C)(1) as requested by Appellant on appeal, moved to the next stage, and held a hearing in order to exercise its discretion on the next question, rehabilitation. R.C. 2151.356(C)(2)(d). Upon holding a hearing, the statute then provides, "the court *may* order the records of the person that are the subject of the motion or application to be sealed *if it finds that the person has been rehabilitated to a satisfactory degree*." (Emphasis added.) R.C. 2151.356(C)(2)(e).

**{¶34}** This provision continues by supplying the following non-exhaustive list of factors the court "may consider" when "determining whether the person has been rehabilitated to a satisfactory degree":

(i) The age of the person;

(ii) The nature of the case;

(iii) The cessation or continuation of delinquent, unruly, or criminal behavior;

(iv) The education and employment history of the person;

(v) The granting of a new tier classification or declassification from the juvenile offender registry pursuant to section 2152.85 of the Revised Code, except for public registry-qualified juvenile offender registrants;

(vi) Any other circumstances that may relate to the rehabilitation of the person who is the subject of the records under consideration.

R.C. 2151.356(C)(2)(e).

**{¶35}** If a court seals juvenile records, it shall provide notice "that explains what sealing a record means, states that the person may apply to have those records expunged under section 2151.358 of the Revised Code, and explains what expunging a record

means." R.C. 2151.356(D)(1); *see also* R.C. 2151.355 (definitions). After a court grants a juvenile record sealing application, an application for expungement shall be granted five years after sealing or age 23, whichever occurs first. R.C. 2151.358(A) (or earlier under division (B) upon compliance with the procedures therein).

{¶36} Although the sealing and expungement statutes are remedial and should be construed liberally, an application does not result in automatic sealing unless otherwise provided (for certain offenses or situations).[5] *In re S.S.*, 2023-Ohio-4197, ¶ 6 (1st Dist.) (and describing this sealing procedure as "a privilege, not a right"); *see also Futrall* at ¶ 6 (where the Supreme Court said, "we agree that expungement is a privilege and not a right").

{¶37} An evaluation of Appellant under R.C. 2151.356(C)(2)(e), the rehabilitation stage of sealing, was conducted by the juvenile court in the June 30, 2025 judgment, which was maintained and adhered to in the July 14, 2024 judgment. Both the magistrate and the juvenile judge recited the evidence considered, quoted the statutory rehabilitation test, quoted the factors used to determine if an applicant was rehabilitated to a satisfactory degree, and balanced those factors in denying the application for sealing. (6/26/25 Mag.Dec.); (6/30/25 J.E.); *see also* (7/14/25 J.E., order 2).

{¶38} The question of whether Appellant was rehabilitated to a satisfactory degree was a matter for the fact-finder's discretion and is reviewed by this court under the abuse of discretion standard of review. *See, e.g., State v. Williamson*, 2025-Ohio-2402, ¶ 24 (7th Dist.), citing *Futrall*, 2009-Ohio-5590, at ¶ 6-7; *Jones*, 2021-Ohio-2499, at ¶ 9 (7th Dist.); *State v. Singh*, 2020-Ohio-5604, ¶ 11 (7th Dist.); *see also State v. Hamilton*, 75 Ohio St.3d 636, 640 (1996) (the trial court makes "largely subjective determinations regarding whether the applicant is rehabilitated"). An abuse of discretion means the decision was unreasonable, arbitrary or unconscionable and not merely an error judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Under this standard, we shall not substitute our judgment for that of the fact-finder. *Id.*

---

[5] Even where the legislature subjected other records to automatic sealing, the Ohio Supreme Court protected the public's constitutional right to open courts by requiring a juvenile court, before issuing an order to seal, to conduct "an individualized determination that the harm to the juvenile from disclosure outweighs the potential benefits of public access." *State ex rel. Cincinnati Enquirer v. Bloom*, 2024-Ohio-5029, ¶ 1-4, 45, 50, recently codified in R.C. 2151.356(B)(1)(d)(ii) (eff. 9/30/25).

{¶39} Contrary to a suggestion in Appellant's reply brief, we do not apply a de novo review to factual issues merely because a trial court conducts an independent review of a magistrate's decision. That is, "In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Juv.R. 40(D)(4)(d). However, this standard for reviewing objections to a magistrate's decision does not alter the appellate court's abuse of discretion standard of review when that standard applies to an issue. *Craig v. Athey*, 2025-Ohio-336, ¶ 22 (7th Dist.).

{¶40} We proceed to apply the abuse of discretion standard to our review of the factors in R.C. 2151.356(C)(2)(e), which "may" be considered when "determining whether the person has been rehabilitated to a satisfactory degree." First, we note the juvenile registry factor was not alleged to be relevant to this case. *See* R.C. 2151.356(C)(2)(e)(v). As is evident, the factors are not mandatory prongs of the test, and not all factors must be assigned the same weight by a trier of fact.

{¶41} This leads to Appellant's argument about the court failing to consider the second factor, the nature of the case. Notably, while citing the statute and quoting the test ("rehabilitated to a satisfactory degree"), the court also quoted *all of the statutorily listed factors*, including by specifically recognizing the court may consider *the nature of the case*. Moreover, the court recited the three juvenile delinquency adjudications, each arising out of a different case: menacing, attempted robbery, and escape. The court also stated the degree of each offense with the attempted robbery being a third-degree felony and the escape being a fourth-degree felony.

{¶42} Appellant alleges the evaluation of the nature of the case should entail a recognition within the decision that there were no victims, claiming he established this at the hearing. It would be difficult to accept Appellant's claim that his menacing in one case and attempted robbery in another case had no victims. We note an absence of victims at the hearing or the inability of the state to find victims on cases from over 30 years ago for notification does not indicate a lack of victims. We also point out Appellant failed to specify this lack of victims allegation in his objection to the trial court, and thus waived the factual issue on appeal. *See* Juv.R. 40(D)(3)(b)(ii),(iv).

**{¶43}** Furthermore, on the topic desiring more specificity, findings of fact and conclusions of law were not requested of the magistrate under Juv.R. 40(D)(3)(a)(ii). And, as discussed above, the hearing was not transcribed as required to support various factual claims; nor was a statement of the evidence utilized. *See* App.R. 9; Juv.R. 40(D)(3)(b)(iii).

**{¶44}** Appellant complains the court failed to consider the passing of over 30 years since the juvenile conduct. However, the case file showed the juvenile court case numbers (and thus case initiation dates), and the court specifically recognized Appellant was 45 years old, the first discretionary factor. *See* R.C. 2151.356(C)(2)(e)(i). Considering juvenile offenses occur when a person is under 18, the observation of Appellant's age necessarily recognized the conduct in the cases at issue took place long ago.

**{¶45}** Regarding the fourth factor, the court summarized Appellant's testimony concerning his education, drug treatment, and employment, referred to his documentary evidence, and expressly recognized Appellant made great strides in his life. *See* R.C. 2151.356(C)(2)(e)(iv). Nevertheless, the court pointed out Appellant had a criminal record continuing after age 18, which along with the court's citation to Appellant's federal parole status, represented a consideration of the third factor, as it evaluates the "cessation or continuation of . . . criminal behavior." *See* R.C. 2151.356(C)(2)(e)(iii). This factor specifically demonstrates Appellant's objections incorrectly argued it was impermissible to consider his adult convictions.

**{¶46}** Relatedly, as the state points out, the court may also consider "[a]ny other circumstances" it believes are related to rehabilitation. *See* R.C. 2151.356(C)(2)(e)(vi). Appellant was encouraged to renew his request for the sealing of juvenile records after his federal parole terminated. The successful completion of parole would provide further support for a claim of satisfactory rehabilitation and potentially tip the balance of the scales in his favor. This was not an announcement by the magistrate of an automatic exclusion from having his motion considered or granted under the factors the fact-finder "may" consider in determining whether he had been "rehabilitated to a satisfactory degree." R.C. 2151.356(C)(2)(e).

**{¶47}** The fact-finder did not act unreasonably, arbitrarily, or unconscionably in exercising its discretion to weigh the factors and find Appellant was not rehabilitated satisfactorily. In accordance, we will not substitute our judgment on the denial of Appellant's application for sealing of his juvenile records.

**{¶48}** Although not asserted by Appellant, we protectively and alternatively conclude the fact-finder's decision would not have been considered contrary to the manifest weight of the evidence. *See generally State v. Bissantz*, 40 Ohio St.3d 112, 114 (1988) ("[T]he Court of Appeals for Clermont County concluded that the trial court's order granting expungement was neither against the weight of the evidence nor an abuse of discretion. We will not disturb that finding."). Any weighing and credibility determinations were within the province of the fact-finder, who cannot be said to have clearly lost their way in resolving conflicts here. *See State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). And again, there was no transcript to conduct such a review.

**{¶49}** In sum, Appellant's objection to the trial court on the legal issue as to whether the magistrate was permitted to consider his adult crimes was without merit and was properly overruled. Appellant's other objection to the trial court was also properly overruled, wherein he asked the trial court to focus on the time span since the juvenile cases sought to be sealed, ignore his adult criminal record, and apply leniency principles to reconsider the magistrate's decision.

CONCLUSION

**{¶50}** Although the juvenile court made an incorrect alternative holding in order one of its final entry (while addressing a legally incorrect claim by Appellant), the court in order two of this entry, alternatively adhered to its prior judgment adopting and incorporated the magistrate's entire decision containing a review of the evidence, factual findings, and evidence of a weighing of factors before the denial of the application. We reject the first order in the juvenile court's final judgment, as the cited statute does not state a person is ineligible for juvenile sealing while they are under supervision due to later adult offenses. R.C. 2151.356. However, we uphold the alternative order in the same judgment, which adhered to the contents of the June 30, 2025 juvenile court's judgment and the magistrate's decision. The court validly exercised discretion in denying Appellant's application under the second stage of sealing.

Case No. 25 MA 0076

{¶51} For the foregoing reasons, Appellant's assignments of error are overruled, and the trial court's judgment is affirmed.


Hanni, J., concurs.

Dickey, J., concurs.

[Cite as *State v. Jones*, 2026-Ohio-106.]

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Juvenile Division of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**